SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
JOHN C. DINEEN, Cal. Bar No. 222095
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
Email:       jdineen@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:       mkeshavarzi@sheppardmullin.com

Attorneys for Defendant
LAMPS PLUS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY SEEGERT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAMPS PLUS, INC., a California corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **'17CV1602 BAS JMA**<br>(Removed from San Diego Superior Court, Case No. Case No. 37-2017-00024439-CU-BT-CTL)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT LAMPS PLUS, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1332(d)(2)]** |

-1-

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Lamps Plus, Inc. ("Lamps Plus"), the defendant in the above-referenced action, which was originally commenced in San Diego Superior Court, entitled *Harley Seegert v. Lamps Plus, Inc.*, Case No. 37-2017-00024439-CU-BT-CTL, hereby invokes the removal jurisdiction of the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rules of Civil Procedure, Rule 81(c), asserting original federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1453(b). This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## I.

## **JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In particular, this Court has jurisdiction under CAFA, codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) minimal diversity exists between the plaintiffs and defendant, i.e., any member of the class of plaintiffs is a citizen of a state different from the defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(4). Paragraphs 3 through 25 below provide a detailed basis for this removal. Lamps Plus has also satisfied all procedural requirements of 28 U.S.C. § 1446 and thus removes the action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## II.
## **PROPER DISTRICT**

2. Pursuant to 28 U.S.C. § 1446(a), this case should be assigned to the Southern District of California, because the civil action on which this removal is based arose in the County of San Diego, State of California.

## III.
## **STATEMENT OF THE CASE**

3. On July 5, 2017, Harley Seegert ("Plaintiff") filed a class action complaint ("Complaint") alleging that Lamps Plus committed violations of California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*, California's False Advertising Law ("FAL"), Business & Professions Code §§ 17500, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, arising from purported advertisements and statements regarding the pricing of merchandise at Lamps Plus's stores in California. Complaint, ¶¶ 46-74, and Prayer for Relief, p. 21.

4. Plaintiff seeks to certify a class of:

> [a]ll persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased from Lamps Plus one or more Lamps Plus branded and/or trademarked products at a discount from the advertised "Compare At" price and who have not received a refund or credit for their purchase(s).

Complaint, ¶ 37.

5. Plaintiff, on behalf of himself and the alleged class, seeks a judgment awarding "Plaintiff and the proposed Class members damages" as well as "restitution and disgorgement of all profits and unjust enrichment that Lamps Plus retained from Plaintiff and the Class…" *Id.*, Prayer for Relief, p. 21.

6. Plaintiff served a copy of the Complaint upon Lamps Plus on July 10, 2017.

-3-

## IV.
## THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

7. CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating co. v. Owens*, 135 S.Ct. 547, 554 (2014). The Supreme Court recently held, that there is no presumption against removal of CAFA actions and the statute's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id*.

8. To invoke removal jurisdiction, a defendant's notice of removal need only include "a short and plain statement of the grounds for removal." *Dart*, 135 S.Ct. at 553. "Congress . . . intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* (internal quotations omitted). In determining whether the requirements of removal have been satisfied, this Court may also rely upon the allegations of Plaintiff's Complaint, taken as true for purposes of removal. *Levine v. BIC USA, Inc.*, 2007 U.S. Dist. LEXIS 60952, *16-17 (S.D. Cal. Aug. 19, 2007) (applying allegations in complaint that amount in controversy did not exceed $74,999.99 as to each putative class member to determine that the $5 million jurisdictional threshold under CAFA was satisfied); *Korn v. Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. 2008) ("plaintiff is bound by the allegations in the complaint that assert defendant's citizenship" for diversity purposes). A defendant need *not* submit evidentiary support with its notice of removal. *Dart*, 135 S.Ct. at 551 ("A statement 'short and plain' need not contain evidentiary submissions.").

9. For cases involving class allegations, CAFA confers original jurisdiction on a district court where (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and (3) any

member of the class is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

## A. Timeliness

10.  Plaintiff's Complaint was filed on July 5, 2017.  Plaintiff served the summons and Complaint upon Lamps Plus on July 10, 2017.  Lamps Plus filed this notice on August 9, 2017, which is within thirty days of service of the summons and Complaint.  Accordingly, this notice is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).

## B. Venue

11.  This action was originally brought in the Superior Court of California for the County of San Diego.  Pursuant to 28 U.S.C. § 1441(a) removal to this District Court is proper because the Superior Court of California for the County of San Diego is geographically located within this Court's district.

## C. Plaintiff's Case Is Styled as a Class Action

12.  The term "class action" is defined under the statute as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff styles his Complaint as a class action.  Plaintiff purports to bring it "on behalf of himself and all others similarly situated," alleging a putative class and class allegations, and seeking an order certifying the proposed class.  Complaint, ¶¶ 37-45, and Prayer for Relief, p. 21.  Although Lamps Plus disputes that Plaintiff can meet the requirements under Federal Rule of Civil Procedure 23 for certifying his purported class, and disputes any amount owing to Plaintiff or the alleged class, this lawsuit qualifies as a "class action" under CAFA.

### D. Minimal Diversity Exists

13. Removal is proper where at least one class member is diverse from at least one defendant. 28 U.S.C. § 1332(d). As alleged in the Complaint, Plaintiff resides in San Diego County, California. Complaint, ¶ 13.

14. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint alleges that Lamps Plus is a California corporation with its principal place of business in California. Complaint, ¶ 16.

15. Plaintiff's purported class includes "[a]ll persons who, within the State of California, from July 5, 2013 through the present …, purchased from Lamps Plus one or more Lamps Plus branded and/or trademarked products at a discount from the advertised "Compare At" price." Complaint, ¶ 37. Lamps Plus's California stores are often located near interstate channels of commerce. Many individuals that are domiciled in other states nonetheless travel to California or temporarily reside in California, and shop at Lamps Plus's retail stores. At Lamps Plus stores such as the one that Plaintiff allegedly shopped at in San Diego, many of the customers are from Mexico. Moreover, many customers with addresses outside California purchase products online from Lamps Plus in California.

16. Some of Lamps Plus's customers register with Lamps Plus under its customer rewards program when they visit its California stores. Lamps Plus has reviewed its data from the registration forms created at its California stores and identified several putative class members who, during the class period, including as of the filing of the Complaint, have been and are citizens of states other than California. *See Prewitt v. Safeway Inc.*, 2016 U.S. Dist. LEXIS 89652, *2-3 (N.D. Cal. July 2016) (holding defendant supermarket met its burden to show minimal diversity by identifying customers that used its customer loyalty club card to

purchase products at its California stores and had record addresses outside of California).

17. Although Plaintiff purports to assert his claims against numerous "Doe" defendants, the citizenship of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("unknown defendants sued as 'Does' need not be joined in a removal petition."). Thus, the existence of Doe defendants 1 through 50, named in Plaintiff's Complaint, does not deprive this Court of jurisdiction.

### E.     The Amount in Controversy Exceeds $5 Million

18. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). The Supreme Court recently held that where, as here, a plaintiff's complaint does not explicitly specify the amount in controversy (*see* Complaint, ¶ 12), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold under CAFA. *Dart*, 135 S.Ct. at 554. The amount in controversy allegation in a defendant's notice of removal should be accepted as true when not contested by a plaintiff or questioned by the court. *Id.* at 553. If the court is uncertain about whether all matters in controversy meet the $5,000,000 jurisdictional threshold under CAFA, "the court should err in favor of exercising jurisdiction over the case." *Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, *19 (C.D. Cal. Nov. 18, 2005) (citing Senate Judiciary Committee Report, S. REP. No. 109-14).

19. Lamps Plus denies that Plaintiff and the putative class have been harmed in any way or that they are entitled to any damages, disgorgement, or restitution. Lamps Plus further disputes Plaintiff's apparent method for calculating purported damages, disgorgement, or restitution, as well as Plaintiff's claim that he and the purported class are entitled to "all profits and unjust enrichment that Lamps

-7-

Plus retained from Plaintiff and the Class members," and denies any liability to Plaintiff or any member of the class he purports to represent. Complaint, Prayer for Relief, p. 21. However, for the purposes of determining the amount in controversy under CAFA, Plaintiff's allegations place at issue an amount greater than CAFA's $5 million jurisdictional threshold.

20.     Plaintiff alleges that he and the putative class are entitled to damages and restitution related to Lamps Plus's pricing practices for all Lamps Plus branded or copyrighted merchandise sold at its California stores over the past four years. *See* Complaint, ¶¶ 18-25, 30-36, 50-51, 53, 55, 60-62, 67-69, and Prayer for Relief, p. 21. Specifically, Plaintiff alleges that the price tags on Lamps Plus's self-branded or trademarked products are somehow unfair or deceptive, with comparison prices that are anywhere from $35 to $225 over the advertised price. *See e.g.*, *Id.* at ¶ 27, Exs. A-H. Plaintiff alleges that Lamps Plus has engaged in these practices at all 27 of its California stores. *Id.* at ¶¶ 10, 24, 26-29. Based on this, Plaintiff seeks damages and restitution amounting to "all profit" that Lamps Plus has earned from the sale of these advertised products to anyone in the putative class. *Id.* at ¶ 37, and Prayer for Relief, p. 21. Although Lamps Plus disputes these allegations and Plaintiff's alleged damages, it appears at least plausible that Plaintiff's own calculations could result in an amount in controversy exceeding $5,000,000.

21.     Additionally, Plaintiff seeks attorney's fees. Complaint, Prayer for Relief, p. 21. Although Lamps Plus denies that Plaintiff is entitled to such fees, the Court should take attorney's fees into account in ascertaining the amount in controversy even where an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

22.     Plaintiff also seeks declaratory and injunctive relief, including an order compelling Lamps Plus to "identify, with Court supervision" all purported class members who have allegedly made purchases of the merchandise at issue in Plaintiff's Complaint, which would involve significant costs of compliance.

Complaint, Prayer for Relief, p. 21.  The cost of complying with injunctive relief may be considered in determining the amount in controversy.  *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002).

23.     Finally, although Lamps Plus denies that Plaintiff, or the purported class members are entitled to any relief, in determining the amount in controversy, the Court must assume that allegations of the Complaint are true and that Plaintiff will ultimately prevail on all claims made in the Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.3d 1199, 1204-05 (E.D. Cal. 2008) ("the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." ).  Therefore, Plaintiff's broadly alleged claims for monetary, injunctive, and declaratory relief place more than $5,000,000 at issue in this action.

### F.     The Putative Class Far Exceeds 100 Members

24.     CAFA requires that the proposed class includes at least 100 members.  28 U.S.C. § 1332(d)(5)(B).  Although Lamps Plus disputes Plaintiff's class allegations, and denies that the class is ascertainable, as alleged, the class and subclass pled by Plaintiff exceeds 100 members.  The Complaint alleges that the members of the class and subclass "are so numerous that joinder of all members is impracticable."  Complaint, ¶ 39.  Plaintiff alleges on information and belief that the putative class contains "thousands of individuals."  *Id.*  Indeed, Plaintiff seeks to represent a class of persons in California who, over the last four years, purchased one of Lamps Plus's branded and/or trademarked products at an advertised or discounted price, which was not later refunded.  *Id.*, ¶ 37.  Lamps Plus disputes Plaintiff's characterization of how it advertises the low prices of its branded products.  Nonetheless, the number of individuals who purchased a Lamps Plus branded item at an advertised discount price at one of Lamps Plus's California

stores in the last four years, and did not subsequently receive a refund, far exceeds 100.  Therefore, CAFA's class size requirement is satisfied.

**G.  Notice to the Clerk of the State Court and to Adverse Parties, Submission of Process, Pleadings and Orders on File in State Court**

25.     Copies of this Notice of Removal promptly will be served on counsel of record for Plaintiff and filed with the Clerk of the San Diego County Superior Court as required under 28 U.S.C. § 1446(d).  In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 hereto, and true and correct copies of the remaining pleadings, process, and orders served or filed in this action are attached as Exhibit 2.

## V.
## CONCLUSION

By this notice and attachments, Lamps Plus does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.  Lamps Plus prays that this action be removed to this Court; that all further proceedings in the state court be stayed; and that Lamps Plus obtain all additional relief to which it is entitled.

Dated:  August 9, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *s/John C. Dineen*
           JOHN C. DINEEN

Attorneys for Defendant
LAMPS PLUS, INC.
Email:  jdineen@sheppardmullin.com