# EXHIBIT 1

EXHIBIT 1 - p. 11

**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
402 W Broadway, 29th Floor
San Diego, California 92101
Telephone: 619.756.6994
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiff*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/05/2017** at 04:13:58 PM
Clerk of the Superior Court
By Laura Melles, Deputy Clerk

## IN THE SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| HARLEY SEEGERT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LAMPS PLUS, INC., a California corporation, and DOES 1-50, inclusive, <br><br> Defendant. | Case No.: 37-2017-00024439-CU-BT-CTL <br><br> **[E-FILE]** <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200, et seq.; <br><br> 2. Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500, et seq.; <br><br> 3. Violations of California Consumer Legal Remedies Act ("CLRA"); California Civil Code Sections 1750, et seq. <br><br> [DEMAND FOR JURY TRIAL] |

1
PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT 1 - p. 12

1     Plaintiff HARLEY SEEGERT ("Plaintiff"), on behalf of himself and all others
2  similarly situated, complains and alleges upon information and belief, among other things,
3  upon the investigation made by Plaintiff by and through his attorneys, as follows:

4                              **NATURE OF ACTION**

5     1.     "If everyone is getting a deal, is anyone really getting a deal?"[1] This class
6  action targets Lamps Plus's unlawful, unfair, and fraudulent business practice of
7  advertising fictitious prices and corresponding phantom discounts on their Lamps Plus
8  branded and/or trademarked lines of merchandise.  This practice of false reference pricing
9  occurs when a retailer fabricates a fake regular, original, and/or former reference price, and
10  then offers an item for sale at a deep "discounted" price. The result is a sham price disparity
11  that misleads consumers into believing they are receiving a good deal and induces them
12  into making a purchase.  Retailers drastically benefit from employing a false reference-
13  pricing scheme and experience increased sales.

14     2.     The California legislature prohibits this misleading practice. The law
15  recognizes the reality that consumers often purchase merchandise marketed as being "on
16  sale" purely because the proffered discount seemed too good to pass up.  Accordingly,
17  retailers have an incentive to lie to customers and advertise false sales.  The resulting harm
18  is tangible—the bargain hunter's expectations about the product he or she purchased is that
19  it has a higher perceived value and she may not have purchased the product but for the false
20  savings.

21     3.     Lamps Plus utilizes a false and misleading reference price in the marketing
22  and selling of Lamps Plus branded and/or trademarked merchandise at its retail stores.
23  Lamps Plus advertises its merchandise for sale by attaching a price tag on the item that sets
24  forth a fictitious "Compare At" price. *See e.g.* Exhibit A. The "Compare At" price is

25

26  _____

27  [1] David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, New York
28  Times, https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html, (March 6, 2016), last accessed April 28, 2017.

1  crossed-out with a black "X" and substantially discounted to represent the sale price, which
2  is located immediately above the "Compare At" price on the price tag. *See id*. The
3  discounted price represents the savings the customer is purportedly saving off the
4  "Compare At" reference price by purchasing the product.

5      4.    However, the "Compare At" price is a total fiction. The only stores in which
6  the Lamps Plus branded and/or trademarked merchandise is actually sold is at the Lamps
7  Plus retail stores.  Thus, the only market price for the Lamps Plus branded and/or
8  trademarked merchandise is the price at which the merchandise is sold in the Lamps Plus
9  retail stores, since Lamps Plus is the only "market" for Lamps Plus branded and/or
10  trademarked merchandise.

11      5.    The Lamps Plus branded and/or trademarked merchandise is <u>never</u> offered for
12  sale, nor actually sold, at the represented "Compare At" price.  Thus, the "Compare At"
13  price is false and is used exclusively to induce consumers into believing that the
14  merchandise was once sold at the "Compare At" price and from which the false discount
15  price is derived. Lamps Plus's deceptive pricing scheme has the effect of tricking
16  consumers into believing they are receiving a significant deal by purchasing merchandise
17  at a steep discount, when in reality, consumers are paying for merchandise at its regular or
18  original retail price.

19      6.    The advertised discounts are fictitious because the regular or original
20  reference price, or "Compare At" price, do not represent a *bona fide* price at which Lamps
21  Plus previously sold a substantial quantity of the merchandise for a reasonable period of
22  time as required by the Federal Trade Commission ("FTC").  In addition, the represented
23  "Compare At" price was not the prevailing market retail price within the three months
24  immediately preceding the publication of the advertised former "Compare At" price, as
25  required by California law.

26      7.    Through its false and misleading marketing, advertising, and pricing scheme,
27  Lamps Plus violated and continues to violate, California and federal law prohibiting
28  advertising goods for sale as discounted from former prices that are false, and prohibiting

1  misleading statements about the existence and amount of price reductions. Specifically,
2  Lamps Plus violated and continues to violate: California's Unfair Competition Law,
3  Business and Professions Code §§ 17200, *et seq.* (the "UCL"); California's False
4  Advertising Law, Business and Professions Code §§ 17500, *et seq.* (the "FAL"); the
5  California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"); and
6  the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or
7  practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15
8  U.S.C. § 52(a)).

9      8.     Plaintiff brings this action on behalf of himself and other similarly situated
10 consumers who have purchased one or more Lamps Plus branded and/or trademarked
11 merchandise at Defendant's Lamps Plus retail stores that were deceptively represented as
12 discounted from false former "Compare At" prices.   Plaintiff seeks to halt the
13 dissemination of this false, misleading, and deceptive pricing scheme, to correct the false
14 and misleading perception it has created in consumer's minds, and to obtain redress for
15 those who have purchased merchandise tainted by this deceptive pricing scheme. Plaintiff
16 also seeks to enjoin Lamps Plus from using false and misleading misrepresentations
17 regarding retail price comparisons in their labeling and advertising permanently.  Further,
18 Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by
19 which Lamps Plus was unjustly enriched as a result of its sales of merchandise offered at
20 a false discount.

21     9.     Finally, Plaintiff seeks reasonable attorneys' fees pursuant to California Code
22 of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right
23 affecting the public interest and satisfies the statutory requirements for an award of
24 attorneys' fees.

25                          **JURISDICTION AND VENUE**

26     10.    Plaintiff is informed and believes that Lamps Plus is a California corporation
27 with its headquarters located at 20250 Plummer Street, Chatsworth, California 91311.
28 Lamps Plus is registered with the California Secretary of State and operates approximately

1    twenty-seven (27) retail stores throughout California.  Lamps Plus has accepted credit and

2    debit cards for the transaction of business throughout California, including the County of

3    San Diego, which has caused both obligations and liability of Lamps Plus to arise in the

4    County of San Diego.

5         11.    This Court has jurisdiction over Lamps Plus and the claims set forth below

6    pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI §

7    10, because this case is a cause not given by statute to other trial courts.

8         12.    The amount in controversy exceeds the jurisdictional minimum of this Court.

9                                     **PARTIES**

10   **Plaintiff**

11        13.    Plaintiff Harley Seegert resides in San Diego County, California.  Mr. Seegert,

12   in reliance on Lamps Plus's false and deceptive advertising, marketing, and "discount"

13   pricing schemes, purchased a 55 Downing Street branded mirrored chest for approximately

14   $599.99 on or around February 20, 2017 for pickup at a Lamps Plus retail store located at

15   8375 Hercules Street, La Mesa, California 91942. Mr. Seegert went to Lamps Plus to

16   search for a dresser for his home. Mr. Seegert encountered a 55 Downing Street branded

17   Josephine 3-Drawer Mirrored Accent Chest with Silver Trim, Style No. 7Y365 (the

18   "Chest). The Chest was from the furniture brand 55 Downing Street, which is a Lamps Plus

19   brand and/or trademark. The Chest had mirrored paneling with three drawers and is

20   approximately 35" high and 42" wide. Mr. Seegert observed the price tag hanging from the

21   Chest. The price tag was covered in plastic, was white and teal with white and black print,

22   and was approximately 5" x 7" in size. Among other information, the price tag on the Chest

23   listed the "Compare At" price of the Chest as $899.99. The $899.99 price was crossed out

24   with a black "X" through the text. Immediately above the crossed out $899.99 price was

25   the discounted sale price of the Chest, $599.99, in larger font size. The price tag that Mr.

26   Seegert saw was similar to the price tag depicted in Exhibit A.

27        14.    After examining the price tag, in particular the crossed out "Compare At"

28   price of $899.99, Mr. Seegert believed the Chest had previously been sold for $899.99 at

1   Lamps Plus. When he examined the representations on price tag, displaying the discounted

2   sale price of $599.99, Mr. Seegert reasonably believed he was purchasing a chest that had

3   a value significantly higher than the $599.99 purchase price. In short, Mr. Seegert believed

4   he was getting a good deal.

5       15.   However, the Chest was never offered for sale or sold at the $899.99 price,

6   nor was it offered for sale or sold at that price within the 90-day period immediately

7   preceding Mr. Seegert's purchase. Therefore, Mr. Seegert was damaged by his purchase of

8   the Chest.

9   **Defendant**

10      16.   Plaintiff is informed and believes, and upon such information and belief

11  alleges, Defendant Lamps Plus, Inc. is a California corporation with its headquarters in

12  Chatsworth, California. Defendant operates Lamps Plus retail stores and the

13  lampsplus.com website, and advertises, markets, and distributes, and/or sells lighting,

14  furniture, and home décor in California and throughout the United States.

15      17.   Plaintiff does not know the true names or capacities of the persons or entities

16  sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious

17  names. Plaintiff is informed and believes, and upon such information and belief alleges,

18  that each of the DOE Defendants is in some manner legally responsible for the damages

19  suffered by Plaintiff and the Class members, as alleged herein. Plaintiff will amend this

20  Complaint to set forth the true names and capacities of these Defendants when they have

21  been ascertained, along with appropriate charging allegations, as may be necessary.

22                          **FACTUAL ALLEGATIONS**

23  **The Fraudulent Sale Discounting Scheme**

24      18.   Lamps Plus is the nation's largest lighting retailer. Lamps Plus is a privately

25  owned corporation, operating approximately 39 stores across the western United States,

26  including 27 locations in the State of California. Lamps Plus designs, manufacturers, and

27  sells a variety of lighting, furniture, and home décor, and provides in-home lighting

28  consultation and installation to its customers. The company directly markets its

1  merchandise to consumers in the State of California via its in-store advertisements,
2  including its price tags and its e-commerce website (www.lampsplus.com). Lamps Plus
3  sells a variety of merchandise from its own brand and/or trademark, as well as from various
4  manufacturers and other top brands. This case involves only the Lamps Plus branded and/or
5  trademarked products sold by Lamps Plus at its retail stores.

6       19.    The Lamps Plus branded and/or trademarked products sold in the Lamps Plus
7  retail stores are exclusively sold at Lamps Plus and they are not sold anywhere else. Thus,
8  there is no other market for the Lamps Plus branded and/or trademarked products sold at
9  Lamps Plus other than at Defendant's Lamps Plus retail stores.

10      20.    Lamps Plus engages in a scheme to defraud its customers by perpetually
11  discounting its merchandise in its retail stores. Lamps Plus consistently advertises its
12  merchandise with a regular "Compare At" price and a corresponding sale price. The
13  "Compare At" price conveys to the customer the purported regular price of the item. The
14  sale price conveys to the customer a deeply discounted price at which the item is presently
15  being offered for sale. The two prices (the "Compare At" price and the sale price) are
16  conveyed to consumers on price tags attached to the item. The price tags are covered in
17  plastic, are white and teal with white with black print, and approximately 5" x 7" in size.
18  *See e.g.* Exhibit A. Sometimes, Lamps Plus uses a smaller price tag with white and black
19  print and approximately 3" x 4" in size. *See e.g.* Exhibit B. The smaller price tags display
20  the same uniform fictitious pricing information: the discounted price located immediately
21  above the crossed out "Compare At" price.

22      21.    However, at no time is the Lamps Plus merchandise ever offered for sale
23  anywhere at the "Compare At" price. The "Compare At" price is merely a false reference
24  price, which Lamps Plus utilizes to deceptively manufacture a deeply discounted sale price
25  listed immediately above the crossed out "Compare At" price on the merchandise sold at
26  the Lamps Plus retail stores during the class period.

27      22.    This practice is not accidental. Rather, this practice is a fraudulent scheme
28  intended to deceive consumers into: 1) making purchases they otherwise would not have

1  made; and/or 2) paying substantially more for merchandise consumers believed was
2  heavily discounted and thus, worth more than its actual value.

3        23.    Retailers, including Lamps Plus, understand that consumers are susceptible to
4  a good bargain, and therefore, Lamps Plus has a substantial interest in lying in order to
5  generate sales. A product's "regular" or "original" price matters to consumers because it
6  serves as a baseline upon which consumers perceive a product's value. In this case, Lamps
7  Plus has marked its merchandise with a "Compare At" price, which it intends to be the
8  equivalent of a "regular' or "original" price. The regular and/or original price conveys to
9  consumers, including Mr. Seegert, "the product's worth and the prestige that ownership of
10  the product conveys." *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013)
11  (citing Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative
12  or Deceptive?, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression
13  of savings, the presence of a higher reference price enhances subjects' perceived value and
14  willingness to buy the product."); *id.* at 56 ("[E]mpirical studies indicate that as discount
15  size increases, consumers' perceptions of value and their willingness to buy the product
16  increase, while their intention to search for a lower price decreases.").

17        24.    Lamps Plus's pricing advertisements uniformly include both the crossed out
18  false regular or original price (the "Compare At" price) with a corresponding discount price
19  displayed on their price tags. This uniform scheme intends to and does provide
20  misinformation to the customer. This misinformation communicates to consumers,
21  including Mr. Seegert, that the Lamps Plus products have a greater value than the
22  advertised discounted price.

23        25.    As the Ninth Circuit recognizes, "[m]isinformation about a product's 'normal'
24  price is . . . significant to many consumers in the same way as a false product label would
25  be." *See Hinojos,* 718 F.3d at 1106.

26        **Plaintiff's Investigation**

27        26.    Plaintiff's investigation of Lamps Plus revealed that Lamps Plus's branded
28  and/or trademarked merchandise is priced uniformly. That is, Lamps Plus merchandise

EXHIBIT 1 - p. 19

sold at Lamps Plus bears a price tag with a crossed out, false "Compare At" price positioned immediately below a substantially discounted sale price. Plaintiff's investigation confirmed that the 55 Downing Street Josephine 3-Drawer Mirrored Accent Chest with Silver Trim, Style No. 7Y365 was priced with a false "Compare At" price and corresponding discounted price in the 90-day period immediately preceding Plaintiff's purchase of his Chest.

27.    Plaintiff's investigation cataloged the pricing practices at three Lamps Plus retail stores in San Diego County, including: 1303 W Morena Blvd., San Diego, California 92110 ("Morena"), 8375 Hercules St., La Mesa, California 91942 ("La Mesa"), and 2598 Vista Way, Oceanside, California 92054 ("Oceanside"). The false "Compare At" price and corresponding discount price scheme was both uniform and identical at all stores investigated. For example, Plaintiff's investigation revealed the following items were continuously discounted at the stores indicated in the time periods indicated:

| Item | "Compare At" Price | Discounted Price | Continuously discounted from (at least) | Discounted Through | Stores Observed | Photo Exhibit |
|------|------|------|------|------|------|------|
| Studio 55D Flynn Heirloom Camel Accent Chair, Style No. 4W437 | $524.99 | $299.99 | January 23, 2017 | Present | Morena Oceanside | A |
| Franklin Iron Works Bendlin Oil Rubbed Bronze 12-Light Industrial Floor Lamp, Style No. 8J2756 | $599.99 | $399.99 | January 23, 2017 | Present | Morena Oceanside | B |

PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT 1 - p. 20

| | | | | | | |
|---|---|---|---|---|---|---|
| Studio 55D Keller Scarlet Red Bonded Leather Swivel Club Chair, Style No. U4612 | $524.99 | $299.99 | January 23, 2017 | Present | Morena Oceanside | C |
| 55 Downing Street Aston Silver Alligator Print Upholstered Wingback Armchair, Style No. 7K190 | $599.99 | $399.99 | September 28, 2016 | Present | La Mesa Oceanside | D |
| Kensington Hill Tufted Chair with Nailheads, Style No. 2Y057 | $449.99 | $299.99 | November 3, 2016 | Present | Morena La Mesa Oceanside | E |
| Studio 55D Orbit Black Faux Leather Adjustable Barstool, Style No. 00570 | $164.99 | $109.99 | January 24, 2017 | Present | Morena La Mesa Oceanside | F |
| Barnes and Ivy Brighton Hammered Pot Bronze Table Lamp, Style No. X4785 | $224.99 | $129.99 | January 25, 2017 | Present | La Mesa Oceanside | G |
| Barnes and Ivy Paris Lights Wall | $104.99 | $69.99 | January 25, 2017 | Present | Morena La Mesa Oceanside | H |

| Sconce, Style No. 53411 | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

28.     The fraudulent price scheme applies to all Lamps Plus branded and/or trademarked merchandise offered on sale at every Lamps Plus retail store, including the Chest purchased by Mr. Seegert on February 20, 2017. By way of example, all items in the above referenced chart were offered at a discounted price substantially less than their "Compare At" price for every day Plaintiff's investigation was conducted and for well over 90 days at a time.

29.     In fact, as the date of this filing, all Lamps Plus branded and/or trademarked merchandise offered for sale at the Lamps Plus retail stores that Plaintiff's counsel investigated, including the Chest Mr. Seegert purchased, remained on sale at a discounted price.

**Lamps Plus's Deceptive Pricing Scheme Injures Plaintiff and the Class**

30.     The "Compare At" prices listed and advertised on Lamps Plus's products are fake reference prices, utilized only to perpetuate Lamps Plus's fake discount scheme.

31.     Lamps Plus knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California and federal law.

32.     Lamps Plus fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about its advertised discount prices and former reference prices.

33.     At all relevant times, Lamps Plus has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

34.     Plaintiff relied upon Lamps Plus's artificially inflated "Compare At" price and false discounts when purchasing the Chest from Lamps Plus.  Plaintiff would not have made such purchase but for Lamps Plus's representations regarding the false "Compare At" price and the fictitious sales price of the merchandise.  Plaintiff may in the future shop at Lamps Plus's retail stores.

11

PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT 1 - p. 22

35.   Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Lamps Plus advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Lamps Plus carried out.

36.   Lamps Plus intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Class to purchase merchandise in its Lamps Plus retail stores.

## CLASS ALLEGATIONS

37.   Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of himself and a class of similarly situated individuals ("Class") defined as follows:

> All persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased from Lamps Plus one or more Lamps Plus branded and/or trademarked products at a discount from the advertised "Compare At" price and who have not received a refund or credit for their purchase(s).

38.   Excluded from the Class definition is Lamps Plus and its officers, directors, employees, parents, subsidiaries, and affiliates; any Judge or Magistrate presiding over the action and members of their families; and Plaintiff's and Defendant's Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon changing circumstances and/or new facts obtained during discovery.

39.   The members of the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of individuals who have been damaged by Lamps Plus's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

40.   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a)   Whether, during the Class Period, Lamps Plus used false "Compare At" price tags and falsely advertised price discounts on its branded and/or trademarked products sold in its Lamps Plus retail stores;

b)   Whether, during the Class Period, the "Compare At" prices advertised by Lamps Plus were the prevailing market prices for the respective Lamps Plus branded and/or trademarked merchandise during the three months preceding the dissemination and/or publication of the advertised former prices;

c)   Whether Lamps Plus's alleged conduct constitutes violations of the laws asserted;

d)   Whether Lamps Plus engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

e)   Whether Lamps Plus engaged in false or misleading advertising;

f)   Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g)   Whether an injunction is necessary to prevent Lamps Plus from continuing to use false, misleading, or illegal price comparison.

41.   Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Lamps Plus's false and deceptive price advertising scheme, as alleged herein.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class members.

42.   Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

43.     The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Lamps Plus.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Lamps Plus will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

44.     All Class members, including Plaintiff, were exposed to one or more of Lamps Plus's misrepresentations or omissions of material fact claiming that former "Compare At" prices were in fact *bona fide*.  Due to the scope and extent of Lamps Plus's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Lamps Plus's false advertising scheme when he purchased his Chest at the Lamps Plus retail store.

45.     Lamps Plus keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and/or general marketing programs.  Lamps Plus has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email addresses, through which notice of this action could be disseminated in accordance with due process requirements.

///

///

///

## CAUSES OF ACTION

### COUNT I
**Violation of California's Unfair Competition Law ("UCL")**
**California Business & Professions Code Section 17200, *et seq.***

46.   Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47.   The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

48.   The UCL imposes strict liability.  Plaintiff need not prove that Lamps Plus intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

***"Unfair" Prong***

49.   A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

50.   Lamps Plus's actions constitute "unfair" business practices because, as alleged above, Lamps Plus engaged in misleading and deceptive price comparison advertising that represented false "Compare At" prices and corresponding deeply discounted prices.  The discounted sale prices were nothing more than fabricated "regular" prices leading to phantom markdowns.  Lamps Plus's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

51.   The harm to Plaintiff and Class members outweighs the utility of Lamps Plus's practices.  There were reasonably available alternatives to further Lamps Plus's

legitimate business interests other than the misleading and deceptive conduct described herein.

### *"Fraudulent" Prong*

52.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

53.   Lamps Plus's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Lamps Plus's fraudulent and deceptive representations regarding its "Compare At" prices for products, which Lamps Plus sells exclusively at its Lamps Plus retail stores.  These misrepresentations played a substantial role in Plaintiff's decision to purchase the Chest at a steep discount, and Plaintiff would not have purchased the Chest without Lamps Plus's misrepresentations.

### *"Unlawful" Prong*

54.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

55.   Lamps Plus's acts and practices alleged above constitute unlawful business acts or practices as they have violated state and federal law in connection with their deceptive pricing scheme.  The Federal Trade Commissions Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.  15 U.S.C. § 52(a).  Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Lamps Plus, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious—*__for example, where an artificial, inflated price was established for the purpose of enabling a__*

EXHIBIT 1 - p. 27

*subsequent offer of a large reduction—the "bargain" being advertised is a false one*; the purchaser is not receiving the unusual value he expects.  In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

56.     In addition to federal law, California law also expressly prohibits false former pricing schemes.  California's False Advertising Law, Bus. & Prof. Code § 17501, ("FAL"), entitled *"Worth or value; statements as to former price,"* states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market priced, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501(emphasis added).

57.     As detailed in Plaintiff's Third Cause of Action below, the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), ("CLRA"), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

58.     The violation of any law constitutes an "unlawful" business practice under the UCL.

59.     As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

60.     Lamps Plus's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future.  Consequently, Lamps Plus's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

61.     Lamps Plus's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "Compare At" prices and substantially discounted sale prices.  These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and the Class.

62.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief order Lamps Plus to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Lamps Plus's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

### COUNT II
**Violation of California's False Advertising Law ("FAL")**
**California Business and Professions Code Section 17500, *et seq.***

63.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

64.     Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue or misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . .

1   (Emphasis added).

2       65.   The "intent" required by Section 17500 is the intent to dispose of property,

3   and not the intent to mislead the public in the disposition of such property.

4       66.   Similarly, this section provides that "no price shall be advertised as a former

5   price of any advertised thing, unless the alleged former prices was the prevailing market

6   price . . . within three months next immediately preceding the publication of the

7   advertisement or unless the date when the alleged former price did prevail is clearly,

8   exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

9       67.   Lamps Plus's routine of advertising discounted prices from false "Compare

10   At" prices, which were never the prevailing market prices of those products and were

11   materially greater than the true prevailing prices, was an unfair, untrue, and misleading

12   practice. This deceptive marketing practice gave consumers the false impression that the

13   products were regularly sold on the market for a substantially higher price than they

14   actually were; therefore, leading to the false impression that the Lamps Plus products were

15   worth more than they actually were.

16       68.   Lamps Plus misled consumers by making untrue and misleading statements

17   and failing to disclose what is required as stated in the Code alleged above.

18       69.   As a direct and proximate result of Lamps Plus's misleading and false

19   advertisements, Plaintiff and the Class have suffered injury in fact and have lost money.

20   As such, Plaintiff requests that this Court order Lamps Plus to restore this money to

21   Plaintiff and all Class members, and to enjoin Lamps Plus from continuing these unfair

22   practices in violation of the UCL in the future. Otherwise, Plaintiff, Class members, and

23   the broader public will be irreparably harmed and/or denied an effective and complete

24   remedy.

25   ///

26   ///

27   ///

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**COUNT III**</u>

**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code Section 1750, *et seq.***

70.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

71.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq.* Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d). Lamps Plus's sale of their merchandise to Plaintiff and the Class were "transactions" within the meaning of Cal. Civ. Code § 1761(e).   The products purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

72.    Lamps Plus violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Lamps Plus products:

        a.    Advertising goods or services with intent not to sell them as advertised; (a)(9);

        b.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; (a)(13).

73.    Pursuant to Section 1782(a) of the CLRA, on July 5, 2017, Plaintiff's counsel notified Lamps Plus in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Lamps Plus's intent to act.

74.    If Lamps Plus fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive, and

EXHIBIT 1 - p. 31

1 │ statutory damages, as appropriate against Lamps Plus.  As to this cause of action at this
2 │ time, Plaintiff seeks only injunctive relief.

3 │ **PRAYER FOR RELIEF**

4 │     Wherefore, Plaintiff, on behalf of himself and all other members of the Class,
5 │ requests that this Court award relief against Lamps Plus as follows:

6 │     a.    An order certifying the Class and designating Harley Seegert as the
7 │           Class Representative and his counsel as Class Counsel;

8 │     b.    Awarding Plaintiff and the proposed Class members damages;

9 │     c.    Awarding restitution and disgorgement of all profits and unjust
10 │          enrichment that Lamps Plus retained from Plaintiff and the Class
11 │          members as a result of its unlawful, unfair, and fraudulent business
12 │          practices described herein;

13 │    d.    Awarding declaratory and injunctive relief as permitted by law or
14 │          equity, including: enjoining Lamps Plus from continuing the unlawful
15 │          practices as set forth herein, and directing Lamps Plus to identify, with
16 │          Court supervision, victims of its misconduct and pay them all money
17 │          they are required to pay;

18 │    e.    Order Lamps Plus to engage in a corrective advertising campaign;

19 │    f.    Awarding attorneys' fees and costs; and

20 │    g.    For such other and further relief as the Court may deem necessary or
21 │          appropriate.

22 │ ///
23 │ ///
24 │ ///
25 │
26 │
27 │
28 │

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial of his claims by jury to the extent authorized by the

3  law.

4

5  Dated: July 5, 2017                    **CARLSON LYNCH SWEET**

6                                         **KILPELA & CARPENTER, LLP**

7                                         By: _Todd D. Carpenter_

8                                         Todd D. Carpenter (CA 234464)

9                                         402 W Broadway, 29th Floor
                                          San Diego, California 92101
10                                        Telephone: 619-756-6994

11                                        tcarpenter@carlsonlynch.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

EXHIBIT 1 - p. 34



EXHIBIT 1 - p. 35



EXHIBIT 1 - p. 36

# EXHIBIT B

EXHIBIT 1 - p. 37



EXHIBIT 1 - p. 38



EXHIBIT 1 - p. 39

# EXHIBIT C

EXHIBIT 1 - p. 40



EXHIBIT 1 - p. 41



EXHIBIT 1 - p. 42

# EXHIBIT D

EXHIBIT 1 - p. 43



EXHIBIT 1 - p. 44



EXHIBIT 1 - p. 45

# EXHIBIT E

EXHIBIT 1 - p. 46



EXHIBIT 1 - p. 47



EXHIBIT 1 - p. 48

# EXHIBIT F

EXHIBIT 1 - p. 49



EXHIBIT 1 - p. 50



EXHIBIT 1 - p. 51

# EXHIBIT G

EXHIBIT 1 - p. 52



EXHIBIT 1 - p. 53



EXHIBIT 1 - p. 54

# EXHIBIT H

EXHIBIT 1 - p. 55



EXHIBIT 1 - p. 56



EXHIBIT 1 - p. 57