# EXHIBIT 1

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
619.338.6500 main
619.234.3815 main fax
www.sheppardmullin.com

619.338.6609 direct
jdineen@sheppardmullin.com

File Number: 0PAK-260239

September 4, 2018

**VIA FEDERAL EXPRESS**

Attorney General Jefferson Sessions
Department of the Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Re:    Notice of Proposed Class Action Settlement
       *Harley Seegert v. Lamps Plus, Inc.*, Case No. 17-cv-1602 BAS (JMA) (S.D. Cal.)

Dear Attorney General Sessions:

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, I write to you on behalf of Lamps Plus, Inc. ("Defendant") to provide notice of a proposed class action settlement (the "Proposed Settlement") in the matter of *Harley Seegert v. Lamps Plus, Inc.*, a class action litigation currently pending before the Honorable Cynthia Bashant in the United States District Court for the Southern District of California as case number 17-cv-1602-BAS (the "Action").

In accordance with 28 U.S.C. § 1715(b), please find the following documents attached for your reference:

1.    **Complaint and Related Materials [28 U.S.C. § 1715(b)(1)]**.  Attached as Exhibit A is a true and correct copy of the Complaint filed in the Action, originally filed in the Superior Court for the State of California, County of San Diego, on July 5, 2017, which was removed by Defendant to the United States District Court for the Southern District of California on August 9, 2017.

2.    **Notice of Any Scheduled Judicial Hearing [28 U.S.C. § 1715(b)(2)]**.  A hearing on Plaintiff's Motion for Preliminary Approval of the Settlement and Provisional Class Certification is currently scheduled for September 24, 2018 before the Honorable Cynthia Bashant.

3.    **Notification to Class Members [28 U.S.C. § 1715(b)(3)]**.  Attached (collectively) as Exhibit B are true and correct copies of the forms of notice of settlement that the Parties intend to distribute to the potential class members subsequent to the Court's preliminary approval of the Proposed Settlement and subject to any modifications that may be demanded by the Court's preliminary approval order.

**SheppardMullin**

Attorney General Jefferson Sessions
September 4, 2018
Page 2

4. **Class Action Settlement Agreement [28 U.S.C. § 1715(b)(4)].** Attached as Exhibit C is a true and correct copy of the Settlement Agreement and Release entered into by the parties on August 24, 2018 which was submitted to the Court for preliminary approval on that same date.

5. **Any Settlement or Other Contemporaneously Made Agreement [28 U.S.C. § 1715(b)(5)].** Not Applicable. There are no agreements between the parties other than those set forth in the Settlement Agreement and Release.

6. **Final Judgment or Notice of Dismissal [28 U.S.C. § 1715(b)(6)].** Neither a final judgment nor a notice of dismissal has yet been issued in the *Seegert* action.

7. **Estimate of Class Members' Share of Settlement [28 U.S.C. § 1715(b)(7)].** The proposed settlement of the *Seegert* action involves approximately 1,000,000 potential class members. It is not presently feasible to list the names of all potential class members and their respective states of residence. However, Defendant is informed and believes that nearly all potential class members are residents of California. If the settlement is given final approval by the Court, then all class members who do not opt out of the settlement will either: (1) receive directly (and without taking any further action) the benefit described in Exhibit C attached hereto via electronic mail or U.S. Mail (if Defendant has contact information for the potential class member); or (2) if Defendant does not have contact information for the potential class member, then that potential class member will be eligible to submit a claim to the claims administrator and upon completing a valid claim form will receive the benefit described in Exhibit C.

8. **Judicial Opinions Related to Settlement [28 U.S.C. § 1715(b)(8)].** As of the date of this letter, there have not been any written judicial opinions relating to the materials or categories described in the paragraph numbered "3" through "6" in this letter.

Your time and attention in reviewing this matter is greatly appreciated. Should you have any questions or concerns about this letter, its accompanying attachments, or the Proposed Settlement, please feel free to contact me directly.

Sincerely,

John C. Dineen
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:487657547.1
Enclosures

# EXHIBIT A

**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
402 W Broadway, 29th Floor
San Diego, California 92101
Telephone: 619.756.6994
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiff*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/05/2017** at 04:13:58 PM
Clerk of the Superior Court
By Laura Melles, Deputy Clerk

## IN THE SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| HARLEY SEEGERT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAMPS PLUS, INC., a California corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: 37-2017-00024439-CU-BT-CTL<br><br>**[E-FILE]**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200, et seq.;<br><br>2. Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500, et seq.;<br><br>3. Violations of California Consumer Legal Remedies Act ("CLRA"); California Civil Code Sections 1750, et seq.<br><br>**[DEMAND FOR JURY TRIAL]** |

1

PLAINTIFF'S CLASS ACTION COMPLAINT

1       Plaintiff HARLEY SEEGERT ("Plaintiff"), on behalf of himself and all others

2   similarly situated, complains and alleges upon information and belief, among other things,

3   upon the investigation made by Plaintiff by and through his attorneys, as follows:

4   **NATURE OF ACTION**

5       1.    "If everyone is getting a deal, is anyone really getting a deal?"[1] This class

6   action targets Lamps Plus's unlawful, unfair, and fraudulent business practice of

7   advertising fictitious prices and corresponding phantom discounts on their Lamps Plus

8   branded and/or trademarked lines of merchandise.  This practice of false reference pricing

9   occurs when a retailer fabricates a fake regular, original, and/or former reference price, and

10  then offers an item for sale at a deep "discounted" price.  The result is a sham price disparity

11  that misleads consumers into believing they are receiving a good deal and induces them

12  into making a purchase.  Retailers drastically benefit from employing a false reference-

13  pricing scheme and experience increased sales.

14      2.    The California legislature prohibits this misleading practice.  The law

15  recognizes the reality that consumers often purchase merchandise marketed as being "on

16  sale" purely because the proffered discount seemed too good to pass up.  Accordingly,

17  retailers have an incentive to lie to customers and advertise false sales.  The resulting harm

18  is tangible—the bargain hunter's expectations about the product he or she purchased is that

19  it has a higher perceived value and she may not have purchased the product but for the false

20  savings.

21      3.    Lamps Plus utilizes a false and misleading reference price in the marketing

22  and selling of Lamps Plus branded and/or trademarked merchandise at its retail stores.

23  Lamps Plus advertises its merchandise for sale by attaching a price tag on the item that sets

24  forth a fictitious "Compare At" price. *See e.g.* Exhibit A. The "Compare At" price is

25

26  _____

27  [1] David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, New York

28  Times, https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html, (March 6, 2016), last accessed April 28, 2017.

1    crossed-out with a black "X" and substantially discounted to represent the sale price, which
2    is located immediately above the "Compare At" price on the price tag. *See id*. The
3    discounted price represents the savings the customer is purportedly saving off the
4    "Compare At" reference price by purchasing the product.

5        4.    However, the "Compare At" price is a total fiction. The only stores in which
6    the Lamps Plus branded and/or trademarked merchandise is actually sold is at the Lamps
7    Plus retail stores. Thus, the only market price for the Lamps Plus branded and/or
8    trademarked merchandise is the price at which the merchandise is sold in the Lamps Plus
9    retail stores, since Lamps Plus is the only "market" for Lamps Plus branded and/or
10   trademarked merchandise.

11       5.    The Lamps Plus branded and/or trademarked merchandise is <u>never</u> offered for
12   sale, nor actually sold, at the represented "Compare At" price. Thus, the "Compare At"
13   price is false and is used exclusively to induce consumers into believing that the
14   merchandise was once sold at the "Compare At" price and from which the false discount
15   price is derived. Lamps Plus's deceptive pricing scheme has the effect of tricking
16   consumers into believing they are receiving a significant deal by purchasing merchandise
17   at a steep discount, when in reality, consumers are paying for merchandise at its regular or
18   original retail price.

19       6.    The advertised discounts are fictitious because the regular or original
20   reference price, or "Compare At" price, do not represent a *bona fide* price at which Lamps
21   Plus previously sold a substantial quantity of the merchandise for a reasonable period of
22   time as required by the Federal Trade Commission ("FTC"). In addition, the represented
23   "Compare At" price was not the prevailing market retail price within the three months
24   immediately preceding the publication of the advertised former "Compare At" price, as
25   required by California law.

26       7.    Through its false and misleading marketing, advertising, and pricing scheme,
27   Lamps Plus violated and continues to violate, California and federal law prohibiting
28   advertising goods for sale as discounted from former prices that are false, and prohibiting

misleading statements about the existence and amount of price reductions. Specifically, Lamps Plus violated and continues to violate: California's Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* (the "UCL"); California's False Advertising Law, Business and Professions Code §§ 17500, *et seq.* (the "FAL"); the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

8.    Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more Lamps Plus branded and/or trademarked merchandise at Defendant's Lamps Plus retail stores that were deceptively represented as discounted from false former "Compare At" prices.   Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in consumer's minds, and to obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme.  Plaintiff also seeks to enjoin Lamps Plus from using false and misleading misrepresentations regarding retail price comparisons in their labeling and advertising permanently.  Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Lamps Plus was unjustly enriched as a result of its sales of merchandise offered at a false discount.

9.    Finally, Plaintiff seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

### JURISDICTION AND VENUE

10.    Plaintiff is informed and believes that Lamps Plus is a California corporation with its headquarters located at 20250 Plummer Street, Chatsworth, California 91311. Lamps Plus is registered with the California Secretary of State and operates approximately

1  twenty-seven (27) retail stores throughout California. Lamps Plus has accepted credit and

2  debit cards for the transaction of business throughout California, including the County of

3  San Diego, which has caused both obligations and liability of Lamps Plus to arise in the

4  County of San Diego.

5      11.    This Court has jurisdiction over Lamps Plus and the claims set forth below

6  pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI §

7  10, because this case is a cause not given by statute to other trial courts.

8      12.    The amount in controversy exceeds the jurisdictional minimum of this Court.

9  **PARTIES**

10  **Plaintiff**

11      13.    Plaintiff Harley Seegert resides in San Diego County, California. Mr. Seegert,

12  in reliance on Lamps Plus's false and deceptive advertising, marketing, and "discount"

13  pricing schemes, purchased a 55 Downing Street branded mirrored chest for approximately

14  $599.99 on or around February 20, 2017 for pickup at a Lamps Plus retail store located at

15  8375 Hercules Street, La Mesa, California 91942. Mr. Seegert went to Lamps Plus to

16  search for a dresser for his home. Mr. Seegert encountered a 55 Downing Street branded

17  Josephine 3-Drawer Mirrored Accent Chest with Silver Trim, Style No. 7Y365 (the

18  "Chest). The Chest was from the furniture brand 55 Downing Street, which is a Lamps Plus

19  brand and/or trademark. The Chest had mirrored paneling with three drawers and is

20  approximately 35" high and 42" wide. Mr. Seegert observed the price tag hanging from the

21  Chest. The price tag was covered in plastic, was white and teal with white and black print,

22  and was approximately 5" x 7" in size. Among other information, the price tag on the Chest

23  listed the "Compare At" price of the Chest as $899.99. The $899.99 price was crossed out

24  with a black "X" through the text. Immediately above the crossed out $899.99 price was

25  the discounted sale price of the Chest, $599.99, in larger font size. The price tag that Mr.

26  Seegert saw was similar to the price tag depicted in Exhibit A.

27      14.    After examining the price tag, in particular the crossed out "Compare At"

28  price of $899.99, Mr. Seegert believed the Chest had previously been sold for $899.99 at

5

PLAINTIFF'S CLASS ACTION COMPLAINT

Lamps Plus. When he examined the representations on price tag, displaying the discounted sale price of $599.99, Mr. Seegert reasonably believed he was purchasing a chest that had a value significantly higher than the $599.99 purchase price. In short, Mr. Seegert believed he was getting a good deal.

15.    However, the Chest was never offered for sale or sold at the $899.99 price, nor was it offered for sale or sold at that price within the 90-day period immediately preceding Mr. Seegert's purchase. Therefore, Mr. Seegert was damaged by his purchase of the Chest.

**Defendant**

16.    Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Lamps Plus, Inc. is a California corporation with its headquarters in Chatsworth, California. Defendant operates Lamps Plus retail stores and the lampsplus.com website, and advertises, markets, and distributes, and/or sells lighting, furniture, and home décor in California and throughout the United States.

17.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members, as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## FACTUAL ALLEGATIONS

### The Fraudulent Sale Discounting Scheme

18.    Lamps Plus is the nation's largest lighting retailer. Lamps Plus is a privately owned corporation, operating approximately 39 stores across the western United States, including 27 locations in the State of California. Lamps Plus designs, manufacturers, and sells a variety of lighting, furniture, and home décor, and provides in-home lighting consultation and installation to its customers. The company directly markets its

PLAINTIFF'S CLASS ACTION COMPLAINT

merchandise to consumers in the State of California via its in-store advertisements, including its price tags and its e-commerce website (www.lampsplus.com). Lamps Plus sells a variety of merchandise from its own brand and/or trademark, as well as from various manufacturers and other top brands. This case involves only the Lamps Plus branded and/or trademarked products sold by Lamps Plus at its retail stores.

19.    The Lamps Plus branded and/or trademarked products sold in the Lamps Plus retail stores are exclusively sold at Lamps Plus and they are not sold anywhere else. Thus, there is no other market for the Lamps Plus branded and/or trademarked products sold at Lamps Plus other than at Defendant's Lamps Plus retail stores.

20.    Lamps Plus engages in a scheme to defraud its customers by perpetually discounting its merchandise in its retail stores. Lamps Plus consistently advertises its merchandise with a regular "Compare At" price and a corresponding sale price. The "Compare At" price conveys to the customer the purported regular price of the item. The sale price conveys to the customer a deeply discounted price at which the item is presently being offered for sale. The two prices (the "Compare At" price and the sale price) are conveyed to consumers on price tags attached to the item. The price tags are covered in plastic, are white and teal with white with black print, and approximately 5" x 7" in size. *See e.g.* Exhibit A. Sometimes, Lamps Plus uses a smaller price tag with white and black print and approximately 3" x 4" in size. *See e.g.* Exhibit B. The smaller price tags display the same uniform fictitious pricing information: the discounted price located immediately above the crossed out "Compare At" price.

21.    However, at no time is the Lamps Plus merchandise ever offered for sale anywhere at the "Compare At" price. The "Compare At" price is merely a false reference price, which Lamps Plus utilizes to deceptively manufacture a deeply discounted sale price listed immediately above the crossed out "Compare At" price on the merchandise sold at the Lamps Plus retail stores during the class period.

22.    This practice is not accidental. Rather, this practice is a fraudulent scheme intended to deceive consumers into: 1) making purchases they otherwise would not have

7

PLAINTIFF'S CLASS ACTION COMPLAINT

1   made; and/or 2) paying substantially more for merchandise consumers believed was
2   heavily discounted and thus, worth more than its actual value.

3      23.   Retailers, including Lamps Plus, understand that consumers are susceptible to
4   a good bargain, and therefore, Lamps Plus has a substantial interest in lying in order to
5   generate sales. A product's "regular" or "original" price matters to consumers because it
6   serves as a baseline upon which consumers perceive a product's value. In this case, Lamps
7   Plus has marked its merchandise with a "Compare At" price, which it intends to be the
8   equivalent of a "regular' or "original" price. The regular and/or original price conveys to
9   consumers, including Mr. Seegert, "the product's worth and the prestige that ownership of
10  the product conveys." *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013)
11  (citing Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative
12  or Deceptive?, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression
13  of savings, the presence of a higher reference price enhances subjects' perceived value and
14  willingness to buy the product."); *id*. at 56 ("[E]mpirical studies indicate that as discount
15  size increases, consumers' perceptions of value and their willingness to buy the product
16  increase, while their intention to search for a lower price decreases.").

17     24.   Lamps Plus's pricing advertisements uniformly include both the crossed out
18  false regular or original price (the "Compare At" price) with a corresponding discount price
19  displayed on their price tags. This uniform scheme intends to and does provide
20  misinformation to the customer. This misinformation communicates to consumers,
21  including Mr. Seegert, that the Lamps Plus products have a greater value than the
22  advertised discounted price.

23     25.   As the Ninth Circuit recognizes, "[m]isinformation about a product's 'normal'
24  price is . . . significant to many consumers in the same way as a false product label would
25  be." *See Hinojos,* 718 F.3d at 1106.

26  **Plaintiff's Investigation**

27     26.   Plaintiff's investigation of Lamps Plus revealed that Lamps Plus's branded
28  and/or trademarked merchandise is priced uniformly. That is, Lamps Plus merchandise

sold at Lamps Plus bears a price tag with a crossed out, false "Compare At" price positioned immediately below a substantially discounted sale price. Plaintiff's investigation confirmed that the 55 Downing Street Josephine 3-Drawer Mirrored Accent Chest with Silver Trim, Style No. 7Y365 was priced with a false "Compare At" price and corresponding discounted price in the 90-day period immediately preceding Plaintiff's purchase of his Chest.

27.    Plaintiff's investigation cataloged the pricing practices at three Lamps Plus retail stores in San Diego County, including: 1303 W Morena Blvd., San Diego, California 92110 ("Morena"), 8375 Hercules St., La Mesa, California 91942 ("La Mesa"), and 2598 Vista Way, Oceanside, California 92054 ("Oceanside"). The false "Compare At" price and corresponding discount price scheme was both uniform and identical at all stores investigated. For example, Plaintiff's investigation revealed the following items were continuously discounted at the stores indicated in the time periods indicated:

| Item | "Compare At" Price | Discounted Price | Continuously discounted from (at least) | Discounted Through | Stores Observed | Photo Exhibit |
|------|--------------------|------------------|-----------------------------------------|--------------------|-----------------|---------------|
| Studio 55D Flynn Heirloom Camel Accent Chair, Style No. 4W437 | $524.99 | $299.99 | January 23, 2017 | Present | Morena Oceanside | A |
| Franklin Iron Works Bendlin Oil Rubbed Bronze 12-Light Industrial Floor Lamp, Style No. 8J2756 | $599.99 | $399.99 | January 23, 2017 | Present | Morena Oceanside | B |

9

PLAINTIFF'S CLASS ACTION COMPLAINT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Studio 55D Keller Scarlet Red Bonded Leather Swivel Club Chair, Style No. U4612 | $524.99 | $299.99 | January 23, 2017 | Present | Morena Oceanside | C |
| 55 Downing Street Aston Silver Alligator Print Upholstered Wingback Armchair, Style No. 7K190 | $599.99 | $399.99 | September 28, 2016 | Present | La Mesa Oceanside | D |
| Kensington Hill Tufted Chair with Nailheads, Style No. 2Y057 | $449.99 | $299.99 | November 3, 2016 | Present | Morena La Mesa Oceanside | E |
| Studio 55D Orbit Black Faux Leather Adjustable Barstool, Style No. 00570 | $164.99 | $109.99 | January 24, 2017 | Present | Morena La Mesa Oceanside | F |
| Barnes and Ivy Brighton Hammered Pot Bronze Table Lamp, Style No. X4785 | $224.99 | $129.99 | January 25, 2017 | Present | La Mesa Oceanside | G |
| Barnes and Ivy Paris Lights Wall | $104.99 | $69.99 | January 25, 2017 | Present | Morena La Mesa Oceanside | H |

10

PLAINTIFF'S CLASS ACTION COMPLAINT

| Sconce, Style No. 53411 | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

28.    The fraudulent price scheme applies to all Lamps Plus branded and/or trademarked merchandise offered on sale at every Lamps Plus retail store, including the Chest purchased by Mr. Seegert on February 20, 2017. By way of example, all items in the above referenced chart were offered at a discounted price substantially less than their "Compare At" price for every day Plaintiff's investigation was conducted and for well over 90 days at a time.

29.    In fact, as the date of this filing, all Lamps Plus branded and/or trademarked merchandise offered for sale at the Lamps Plus retail stores that Plaintiff's counsel investigated, including the Chest Mr. Seegert purchased, remained on sale at a discounted price.

**Lamps Plus's Deceptive Pricing Scheme Injures Plaintiff and the Class**

30.    The "Compare At" prices listed and advertised on Lamps Plus's products are fake reference prices, utilized only to perpetuate Lamps Plus's fake discount scheme.

31.    Lamps Plus knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California and federal law.

32.    Lamps Plus fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about its advertised discount prices and former reference prices.

33.    At all relevant times, Lamps Plus has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

34.    Plaintiff relied upon Lamps Plus's artificially inflated "Compare At" price and false discounts when purchasing the Chest from Lamps Plus.  Plaintiff would not have made such purchase but for Lamps Plus's representations regarding the false "Compare At" price and the fictitious sales price of the merchandise.  Plaintiff may in the future shop at Lamps Plus's retail stores.

11
PLAINTIFF'S CLASS ACTION COMPLAINT

35.    Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Lamps Plus advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Lamps Plus carried out.

36.    Lamps Plus intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Class to purchase merchandise in its Lamps Plus retail stores.

## CLASS ALLEGATIONS

37.    Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of himself and a class of similarly situated individuals ("Class") defined as follows:

> All persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased from Lamps Plus one or more Lamps Plus branded and/or trademarked products at a discount from the advertised "Compare At" price and who have not received a refund or credit for their purchase(s).

38.    Excluded from the Class definition is Lamps Plus and its officers, directors, employees, parents, subsidiaries, and affiliates; any Judge or Magistrate presiding over the action and members of their families; and Plaintiff's and Defendant's Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon changing circumstances and/or new facts obtained during discovery.

39.    The members of the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of individuals who have been damaged by Lamps Plus's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

40.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a)  Whether, during the Class Period, Lamps Plus used false "Compare At" price tags and falsely advertised price discounts on its branded and/or trademarked products sold in its Lamps Plus retail stores;

b)  Whether, during the Class Period, the "Compare At" prices advertised by Lamps Plus were the prevailing market prices for the respective Lamps Plus branded and/or trademarked merchandise during the three months preceding the dissemination and/or publication of the advertised former prices;

c)  Whether Lamps Plus's alleged conduct constitutes violations of the laws asserted;

d)  Whether Lamps Plus engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

e)  Whether Lamps Plus engaged in false or misleading advertising;

f)  Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g)  Whether an injunction is necessary to prevent Lamps Plus from continuing to use false, misleading, or illegal price comparison.

41.     Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Lamps Plus's false and deceptive price advertising scheme, as alleged herein.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class members.

42.     Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

---

13

PLAINTIFF'S CLASS ACTION COMPLAINT

43.    The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Lamps Plus.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Lamps Plus will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

44.    All Class members, including Plaintiff, were exposed to one or more of Lamps Plus's misrepresentations or omissions of material fact claiming that former "Compare At" prices were in fact *bona fide*.  Due to the scope and extent of Lamps Plus's consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Lamps Plus's false advertising scheme when he purchased his Chest at the Lamps Plus retail store.

45.    Lamps Plus keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and/or general marketing programs.  Lamps Plus has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email addresses, through which notice of this action could be disseminated in accordance with due process requirements.

///

///

///

# CAUSES OF ACTION

## COUNT I
### Violation of California's Unfair Competition Law ("UCL")
### California Business & Professions Code Section 17200, *et seq.*

46.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47.    The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

48.    The UCL imposes strict liability. Plaintiff need not prove that Lamps Plus intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

### *"Unfair" Prong*

49.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

50.    Lamps Plus's actions constitute "unfair" business practices because, as alleged above, Lamps Plus engaged in misleading and deceptive price comparison advertising that represented false "Compare At" prices and corresponding deeply discounted prices. The discounted sale prices were nothing more than fabricated "regular" prices leading to phantom markdowns. Lamps Plus's acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

51.    The harm to Plaintiff and Class members outweighs the utility of Lamps Plus's practices. There were reasonably available alternatives to further Lamps Plus's

legitimate business interests other than the misleading and deceptive conduct described herein.

### *"Fraudulent" Prong*

52.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

53.    Lamps Plus's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public.    Plaintiff relied on Lamps Plus's fraudulent and deceptive representations regarding its "Compare At" prices for products, which Lamps Plus sells exclusively at its Lamps Plus retail stores.    These misrepresentations played a substantial role in Plaintiff's decision to purchase the Chest at a steep discount, and Plaintiff would not have purchased the Chest without Lamps Plus's misrepresentations.

### *"Unlawful" Prong*

54.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

55.    Lamps Plus's acts and practices alleged above constitute unlawful business acts or practices as they have violated state and federal law in connection with their deceptive pricing scheme.    The Federal Trade Commissions Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.    15 U.S.C. § 52(a).    Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Lamps Plus, are described as deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.    If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.    Where the former price is genuine, the bargain being advertised is a true one.    If, on the other hand, the former price being advertised is not bona fide but fictitious—***for example, where an artificial, inflated price was established for the purpose of enabling a***

_**subsequent offer of a large reduction—the "bargain" being advertised is a false one**_; the purchaser is not receiving the unusual value he expects.  In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1(a) and (b) (emphasis added).

56.    In addition to federal law, California law also expressly prohibits false former pricing schemes.  California's False Advertising Law, Bus. & Prof. Code § 17501, ("FAL"), entitled *"Worth or value; statements as to former price,"* states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market priced, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

_**No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement**_ or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501(emphasis added).

57.    As detailed in Plaintiff's Third Cause of Action below, the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), ("CLRA"), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

58.    The violation of any law constitutes an "unlawful" business practice under the UCL.

PLAINTIFF'S CLASS ACTION COMPLAINT

59.    As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

60.    Lamps Plus's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future.  Consequently, Lamps Plus's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

61.    Lamps Plus's violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "Compare At" prices and substantially discounted sale prices.  These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and the Class.

62.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief order Lamps Plus to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Lamps Plus's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

**COUNT II**
**Violation of California's False Advertising Law ("FAL")**
**California Business and Professions Code Section 17500, *et seq.***

63.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

64.    Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue or misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . .

18
PLAINTIFF'S CLASS ACTION COMPLAINT

1    (Emphasis added).

2    65.    The "intent" required by Section 17500 is the intent to dispose of property,

3    and not the intent to mislead the public in the disposition of such property.

4    66.    Similarly, this section provides that "no price shall be advertised as a former

5    price of any advertised thing, unless the alleged former prices was the prevailing market

6    price . . . within three months next immediately preceding the publication of the

7    advertisement or unless the date when the alleged former price did prevail is clearly,

8    exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

9    67.    Lamps Plus's routine of advertising discounted prices from false "Compare

10    At" prices, which were never the prevailing market prices of those products and were

11    materially greater than the true prevailing prices, was an unfair, untrue, and misleading

12    practice. This deceptive marketing practice gave consumers the false impression that the

13    products were regularly sold on the market for a substantially higher price than they

14    actually were; therefore, leading to the false impression that the Lamps Plus products were

15    worth more than they actually were.

16    68.    Lamps Plus misled consumers by making untrue and misleading statements

17    and failing to disclose what is required as stated in the Code alleged above.

18    69.    As a direct and proximate result of Lamps Plus's misleading and false

19    advertisements, Plaintiff and the Class have suffered injury in fact and have lost money.

20    As such, Plaintiff requests that this Court order Lamps Plus to restore this money to

21    Plaintiff and all Class members, and to enjoin Lamps Plus from continuing these unfair

22    practices in violation of the UCL in the future. Otherwise, Plaintiff, Class members, and

23    the broader public will be irreparably harmed and/or denied an effective and complete

24    remedy.

25    ///

26    ///

27    ///

28    ///

19

PLAINTIFF'S CLASS ACTION COMPLAINT

## COUNT III
### Violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code Section 1750, *et seq.*

70.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

71.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq.* Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d). Lamps Plus's sale of their merchandise to Plaintiff and the Class were "transactions" within the meaning of Cal. Civ. Code § 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

72.    Lamps Plus violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Lamps Plus products:

  a.    Advertising goods or services with intent not to sell them as advertised; (a)(9);

  b.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; (a)(13).

73.    Pursuant to Section 1782(a) of the CLRA, on July 5, 2017, Plaintiff's counsel notified Lamps Plus in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Lamps Plus's intent to act.

74.    If Lamps Plus fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive, and

20
PLAINTIFF'S CLASS ACTION COMPLAINT

statutory damages, as appropriate against Lamps Plus.  As to this cause of action at this time, Plaintiff seeks only injunctive relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Class, requests that this Court award relief against Lamps Plus as follows:

    a.   An order certifying the Class and designating Harley Seegert as the Class Representative and his counsel as Class Counsel;

    b.   Awarding Plaintiff and the proposed Class members damages;

    c.   Awarding restitution and disgorgement of all profits and unjust enrichment that Lamps Plus retained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

    d.   Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Lamps Plus from continuing the unlawful practices as set forth herein, and directing Lamps Plus to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

    e.   Order Lamps Plus to engage in a corrective advertising campaign;

    f.   Awarding attorneys' fees and costs; and

    g.   For such other and further relief as the Court may deem necessary or appropriate.

///
///
///

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial of his claims by jury to the extent authorized by the

3    law.

4

5    Dated:  July 5, 2017                    **CARLSON LYNCH SWEET**

6                                            **KILPELA & CARPENTER, LLP**

7                                            By: _Todd D. Carpenter_

8                                            Todd D. Carpenter (CA 234464)

9                                            402 W Broadway, 29th Floor
                                             San Diego, California 92101
10                                           Telephone:  619-756-6994

11                                           tcarpenter@carlsonlynch.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CLASS ACTION COMPLAINT

# EXHIBIT A





# EXHIBIT B



EXHIBIT 1, page 34



EXHIBIT 1, page 35

# EXHIBIT C





# EXHIBIT D





EXHIBIT 1, page 41

# EXHIBIT E





# EXHIBIT F





# EXHIBIT G



EXHIBIT 1, page 49



# EXHIBIT H





# EXHIBIT B

FULL NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARLEY SEEGERT, AN INDIVIDUAL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br>**v.**<br>**LAMPS PLUS, INC.** | No. 17CV1602-BAS-JMA |

# IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Southern District of California ("Action"). If the Court gives final approval to the Settlement, Lamps Plus, Inc. ("Lamps Plus") will provide, for each Class Member who either (i) receives direct notice via email or mail or (ii) properly and timely completes and submits a Claim Form, one Voucher good for a purchase in a Lamps Plus retail store in the United States for either (i) $18 off a purchase (no minimum purchase) or (ii) 20% off a purchase (up to $150 in value), or $30 in credit against the purchase of any item valued at over $150, subject to the additional conditions explained later in this notice.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Unless you received direct notice of this Settlement via email or mail, you must submit a Claim Form to receive a Voucher. Visit the Settlement website located at _____ to obtain a Claim Form. | Deadline:<br>_____ |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Voucher under the Settlement. Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against Lamps Plus regarding the allegations in the Action ever again. | Deadline:<br>_____ |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Submitting an objection does not exclude you from the Settlement. | Deadline: _____ |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you filed to the Settlement.  If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" indicating your intent to do so. | Hearing Date and Time: _____ |
| **DO NOTHING** | If you received direct notice of this Settlement via email or mail, and you do not object to or request to exclude yourself from the Settlement, you will automatically receive a Voucher via email or U.S. mail within sixty (60) days of the Final Settlement Date. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.
- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION**.............................................................................. ##

     1.      Why did I get this notice?

     2.      What is this lawsuit about?

     3.      Why is this a class action?

     4.      Why is there a Settlement?

     5.      How do I know if I am part of the Settlement?

6.    I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** .......................................................... **##**

7.    What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT VOUCHER – SUBMITTING A CLAIM
FORM** ...................................................................................................... **##**

8.    How can I get a Voucher?

9    When will I get my Voucher?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF** .. **##**

10.    Do I have a lawyer in this case?

11.    How will the lawyers be paid?

12.    Will the Representative Plaintiff receive any compensation for
his efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ................................ **##**

13.    What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ............................ **##**

14.    How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** .............................................. **##**

15.    How do I tell the Court that I disagree with the Settlement?

16.    What is the difference between excluding myself and objecting
to the Settlement?

**FAIRNESS HEARING** ............................................................................... **##**

17.    What is the Fairness Hearing?

18.    When and where is the Fairness Hearing?

19.    May I speak at the hearing?

**ADDITIONAL INFORMATION** ................................................................ **##**

20.    How do I get more information?

21.    What if my address or other information has changed or
changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.    *Why did I get this notice?*

You received this Notice because a Settlement has been reached in this Action. According to Lamps Plus's available records you might be a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.    *What is this lawsuit about?*

Plaintiff Harley Seegert (the "Representative Plaintiff") filed a lawsuit against Lamps Plus on behalf of himself and all others similarly situated.  The lawsuit alleges that Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise.

Lamps Plus denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  Lamps Plus further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**<u>The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiff's claims in the Action.</u>**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.    *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Harley Seegert) sue on behalf of other people who allegedly have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Class Members.  The company sued in this case, Lamps Plus, is called the Defendant.

### 4.    *Why is there a Settlement?*

The Representative Plaintiff has made claims against Lamps Plus.  Lamps Plus denies that it has done anything wrong or illegal and admits no liability.  The Court has **not** decided that the Representative Plaintiff or Lamps Plus should win this Action.

Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

### 5. *How do I know if I am part of the Settlement?*

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: All Lamps Plus customers who purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California from July 5, 2013 to the date of preliminary approval. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

### 6. *I'm still not sure if I am included.*

If you are still not sure whether you are included, you can write the Claims Administrator for free help. The email address of the Claims Administrator is _____ and the U.S. postal (mailing) address is _____.

## THE PROPOSED SETTLEMENT

### 7. *What relief does the Settlement provide to the Class Members?*

Lamps Plus has agreed to provide (i) Class Members who received direct notice of this Settlement via email or mail and who do not timely request exclusion from or object to the Settlement and (ii) Class Members who timely and validly complete a claim form, a Voucher good for purchase in a Lamps Plus retail store in the United States. The Voucher can either be redeemed for (i) $18 to be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150. Class Members may elect the form of the Voucher they wish to receive at the time of purchase.

Vouchers will not be stackable with each other and may not be combined with any other coupon or offer and they are valid for a single use. The Vouchers may be used on items that are on sale. The Vouchers shall not be redeemable for cash, and will not be replaced if lost, stolen or damaged. The Vouchers will be transferable and have no expiration date.

## HOW TO REQUEST A VOUCHER – SUBMITTING A CLAIM FORM

### 8. *How can I get a Voucher or Vouchers?*

If you received direct notice of the Settlement by email or mail notice, you need not do anything to receive a Voucher.

To qualify for a Voucher if you did not receive direct notice by email or mail, you must send in a Claim Form, and, provide proof of Qualifying Purchase. Acceptable proof of purchase can be provided by either (i) submitting a Lamps Plus receipt, or (ii) signing under penalty of perjury and identifying the month and year of purchase, the location of the store where the purchase was made, and a description of the product.

A Claim Form is available by clicking HERE or on the Internet at the website _____. The Claim Form may be submitted electronically or by postal mail. Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online on or before 11:59 p.m. (Pacific) on _____.

| 9. | *When will I get my Voucher or Vouchers?* |
|---|---|

As described in Sections 17 and 18, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the case on the website dedicated to the Settlement at _____. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS

| 10. | *Do I have a lawyer in this case?* |
|---|---|

The Court has ordered that the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP ("Class Counsel") will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 11. | *How will the lawyers be paid?* |
|---|---|

Lamps Plus has agreed to pay Class Counsel's attorneys' fees and costs up to $750,000, subject to approval by the Court. You will not be required to pay any attorneys' fees or costs. Please see paragraphs 2.4 and 2.5 of the Settlement Agreement, available HERE, for additional details.

| 12. | *Will the Representative Plaintiff receive any compensation for his efforts in bringing this Action?* |
|---|---|

The Representative Plaintiff will request a service award of up to $5,000 for his service as class representative and his effort in bringing the Action. The Court will make the final decision as to the amount to be paid to the class representative.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.    *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Lamps Plus.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against Lamps Plus regarding the claims in the Action. The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.    *How do I exclude myself from the Settlement?*

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a signed letter or postcard stating: **(a)** the name and case number of the Action; **(b)** your full name, address, and telephone number; and **(c)** a statement that you will not wish to participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Seegert v. Lamps Plus, Inc. Settlement*

c/o _____

_____

_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not receive a Voucher under the Settlement, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against Lamps Plus based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.    *How do I tell the Court that I disagree with the Settlement?*

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and service award to the Representative Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must submit a written objection to the Claims Administrator at the addresses set forth below no later than (*i.e.*, postmarked by) _____.

*Seegert v. Lamps Plus, Inc. Settlement*

c/o _____
_____
_____

Any written objections must contain: (1) the name and case number of the Action; (2) the Class Member's full name, address, and telephone number; (3) the words "Notice of Objection" or "Formal Objection"; (4) in clear and concise terms, the legal and factual arguments supporting the objection; (5) facts supporting the person's status as a Class Member (e.g., the date and location of his/her relevant purchases and description of the item(s) purchased); (6) the Class Member's signature and the date; and (7) the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." You may, but need not, submit your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear".

If you intend to appear at the Fairness Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

### 16.  *What is the difference between excluding myself and objecting to the Settlement?*

Objecting is simply telling the Court that you disagree with something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17.    *What is the Fairness Hearing?*

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiff. You may attend, but you do not have to.

### 18.    *When and where is the Fairness Hearing?*

On _____, 2018 at _____ pacific, a hearing will be held on the fairness of the proposed Settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness. The hearing will take place before the Honorable Cynthia Bashant in Courtroom 4B of the U.S. District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101. The hearing may be postponed to a different date or time or location without notice. Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19.    *May I speak at the hearing?*

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement. As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, you may not speak at the hearing.

## ADDITIONAL INFORMATION

### 20.    *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: _____. Alternatively, you may contact the Claims Administrator at the email address _____ or the U.S. postal (mailing) address: _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 333 West Broadway, San Diego, CA 92101.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

| | |
|---|---|
| **21.** | ***What if my address or other information has changed or changes after I submit a Claim Form?*** |

It is your responsibility to inform the Claims Administrator of your updated information.  You may do so at the address below:

*Seegert v. Lamps Plus, Inc. Settlement*

_____

_____

_____

****

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____2018

By: Order of the Southern District of California
HONORABLE CYNTHIA BASHANT
UNITED STATES DISTRICT JUDGE

EMAIL NOTICE

To: _____
From: _____
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

## IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Seegert v. Lamps Plus, Inc.* ("Action"). According to available records, you might be a "Class Member." The purpose of this Email Notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** The Action was filed against Lamps Plus, Inc. ("Lamps Plus" or "Defendant") by plaintiff Harley Seegert alleging Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise. Lamps Plus denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial. ***No court has decided which side is right. But both sides agreed to provide benefits to Lamps Plus customers and resolve the case.***

**Am I a Class Member?** You are a "Class Member" if between July 5, 2013 and [Month] [Day], [Year], you purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California and you are not Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, or the judge presiding over the Action.

**What relief does the Settlement provide?** If you are a Class Member, you are eligible to receive a Voucher for a purchase in a Lamps Plus retail store. The Voucher can either be redeemed for (i) $18 to be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150. Class Members may elect the form of the Voucher they wish to receive at the time of purchase. ***To receive a Voucher, you need not do anything in response to this email notice.*** If this Settlement is approved by the Court, you will automatically receive a Voucher via email at the termination of the Settlement proceedings.

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Lamps Plus about the legal claims in the Action ever again. If you exclude yourself, you cannot receive a Voucher from this Settlement. If you stay in the Settlement, you may object to it by _____. The detailed notice available at _____ explains how to request exclusion or object. The Court will hold a hearing on _____ at _____ to

consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Carlson Lynch Sweet Kilpela & Carpenter, LLP) for $750,000 in attorneys' fees and costs, and for the class representative's (Harley Seegert) request for $5,000 for his service.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____.

MAIL NOTICE

# NOTICE OF CLASS ACTION SETTLEMENT

U.S. District Court for the Southern District of California
*Harley Seegert v. Lamps Plus, Inc.*
Case No: 3:17-CV-1602-BAS-JMA

IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

**Legal Notice**: A federal court authorized this Notice. This is not solicitation from a lawyer.

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Seegert v. Lamps Plus, Inc.* ("Action").  According to available records, you might be a "Class Member."  The purpose of this Mail Notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Lamps Plus, Inc. ("Lamps Plus" or "Defendant") by plaintiff Harley Seegert alleging Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise.  Lamps Plus denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ***No court has decided which side is right.  But both sides agreed to provide benefits to Lamps Plus customers and resolve the case.***

**Am I a Class Member?**  You are a "Class Member" if between July 5, 2013 and [Month] [Day], [Year], you purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California and you are not Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, or the judge presiding over the Action.

**What relief does the Settlement provide?**  If you are a Class Member, you are eligible to receive a Voucher good for purchase in a Lamps Plus retail store for either (i) $18 that may be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150.  ***To receive a Voucher, you need not do anything in response to this mail notice.***  If the Court approves the Settlement, then you will automatically receive a Voucher via mail at the termination of the Settlement proceedings.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by_____, or you won't be able to sue Lamps Plus about the legal claims in the Action ever again.  If you exclude yourself, you cannot receive a

Voucher from this Settlement.  If you stay in the Settlement, you may object to it by _____.  The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Carlson Lynch Sweet Kilpela & Carpenter, LLP) for $750,000 in attorneys' fees and costs, and for the class representative's (Harley Seegert) request for $5,000 for his service.  You may ask to appear at the hearing, but you don't have to.

**More information?**   For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____.

ONLINE MEDIA NOTICE

# *Lamps Plus*
## Banner Advertisement

**Online Display Banner for *Google Display Network* –**

**Text Only Display Ad**
Frame 1: Visible for 8 seconds.



If you shopped at Lamps Plus in California between
July 5, 2013 and Month Day, Year

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

Frame 2: Visible for 7 seconds.



you may be eligible to receive an $18 voucher
usable at Lamps Plus on future purchases.

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

Frame 3: Visible for 4 seconds.



Click here for more information.

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

**Desktop Right Column Banner for *Facebook* –**

**Text Only Static Ad**



Class Action Settlement
www.WebsiteURL.com
Lamps Plus shoppers in California between
7/5/13 and XX/XX/XXX, may receive a voucher.

# EXHIBIT C

## SETTLEMENT AGREEMENT AND RELEASE

THIS **SETTLEMENT AGREEMENT AND RELEASE** ("*Settlement Agreement*" or "*Agreement*") is entered into by and between plaintiff Harley Seegert, individually, and in his representative capacity on behalf of all others similarly situated ("*Plaintiff*"), on the one hand, and defendant Lamps Plus, Inc. ("*Lamps Plus*" or "*Defendant*"), on the other (collectively referred to as the "*Parties*" or singularly "*Party*").

### RECITALS

A.      On July 5, 2017, Plaintiff Harley Seegert filed a putative class action lawsuit against Lamps Plus in the Superior Court of California, County of San Diego, Case No. 37-2017-00024439-CU-BT-CTL, asserting false and/or deceptive advertising claims based on allegations that Lamps Plus's advertisement of discounts on merchandise improperly leads consumers to believe that they are receiving a discount on their purchase.

B.      On August 9, 2017, Defendant removed the action to the United States District Court for the Southern District of California, contending that the complaint satisfied the jurisdictional requirements under the Class Action Fairness Act ("CAFA").  The case was assigned to the Honorable District Court Judge Cynthia Bashant and the Honorable Magistrate Judge Jan M. Adler.  The District Court assigned the case number 17-cv-1602-BAS (JMA) to the matter.

C.      On September 14, 2017, Defendant answered the complaint and asserted fourteen affirmative defenses.

D.      Plaintiff and Lamps Plus thereafter engaged in initial disclosures under Rule 26 and conducted an investigation of the facts and analyzed the relevant legal issues in regard to the claims asserted in the complaint and Lamps Plus's potential defenses.

E.      On May 10, 2018, the Parties participated in a full day mediation session in Los Angeles, California before Hon. Carl J. West (ret.) of JAMS, Inc.

F.      As a result of the progress made at the mediation session and the subsequent discussions, the Parties have reached a Settlement of the Action (defined below), the terms of which are set forth in this Settlement Agreement.

G.      Plaintiff and his Counsel believe that the claims asserted in the Complaint (defined below) have merit.  Lamps Plus has denied and continues to deny any and all allegations of wrongdoing alleged in the Action (defined below) and believes the claims asserted by Plaintiff are without merit.  Nonetheless, the Parties have concluded that litigation could be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty.  The Parties also have considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Lamps Plus.

**H.**     It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Action.

**AGREEMENT**

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiff, the Class and Lamps Plus, agree to Settlement of the Action, subject to Court approval, under the following terms and conditions.

**1.  DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement. Some of the definitions in this section use terms that are defined later in the section.  All defined terms are capitalized and listed in alphabetical order:

**1.1**     As used herein, the term "***Action***" means the lawsuit styled *Seegert v. Lamps Plus, Inc.,* Case No. 3:17-cv-1602-BAS-JMA (S.D. Cal.).

**1.2**  As used herein, the term "***Authorized Claimant***" means any Class Member who either (i) receives notice via online media and timely submits a complete and sufficient Claim Form or (ii) receives direct notice via email or mail, according to the terms of this Settlement Agreement and does not validly request exclusion from the Class.

**1.3**  As used herein, the term "***Claim***" means a request made by a Class Member in order to receive a Settlement Voucher pursuant to the procedures stated in Section 3.6.

**1.4**  As used herein, the term "***Claim Response Deadline***" means the deadline by which Class Members must deliver Claim Forms.  The Claim Response Deadline shall be one hundred and twenty (120) calendar days after Defendant, through the Claims Administrator, issues Notice to the Class.

**1.5**  As used herein, the term "***Claim Form***" means the form a Class Member must complete and submit to receive a Settlement Voucher under this Agreement if that Class Member did not receive direct notice via email or mail.  The Claim Form must be substantially similar to the form attached as **Exhibit F.**

**1.6**  As used herein, the term "***Claimant***" means any Class Member who submits a Claim Form under this Agreement.

**1.7**  As used herein, the term "***Claims Administrator***" means Epiq Class Action & Claims Solutions, Inc. and any successors to that entity, that Lamps Plus designates (with approval from Class Counsel, whose approval shall not be unreasonably withheld), to administer the notice, claims, and Settlement relief distribution process provided for in the Settlement Agreement.

**1.8**  As used herein, the term "***Claims Administrator Costs***" means all costs incurred by the Claims Administrator, including the cost of providing notice to the Class and administering the Settlement.

**1.9**  As used herein, the terms "*Class*" and "*Class Members*" mean: All Lamps Plus customers who purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California from July 5, 2013 to the date of preliminary approval. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

**1.10** As used herein, the term "*Class Period*" means: July 5, 2013 through the date that the Court enters the Preliminary Approval Order.

**1.11** As used herein, the term "*Class Released Claims*" means all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have, arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Complaint, or any preceding version thereof filed in the Action, including, but not limited to, any and all claims related in any way to the advertisement of prices by Lamps Plus, Inc. or any of its subsidiaries or affiliates.

**1.12** As used herein, the term "*Class Releasors*" means Plaintiff and all Class Members who do not timely and sufficiently request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives or anyone who can claim by or through them.

**1.13** As used herein, the term "*Complaint*" means the Complaint filed by Plaintiff on July 5, 2017 in the San Diego Superior Court, Case No. 37-2017-00024439-CU-BT-CTL.

**1.14** As used herein, the term "*Court*" means the United States District Court for the Southern District of California.

**1.15** As used herein, the term "*Defendant*" means Lamps Plus, Inc.

**1.16** As used herein, the terms "*Defendant's Counsel*" and "*Lamps Plus's Counsel*" means the law firm of Sheppard Mullin Richter & Hampton, LLP.

**1.17** As used herein, the term "*Email Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Lamp's Plus's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via electronic mail.  The Email Notice must be substantially similar to the form attached as **Exhibit C**.

**1.18** As used herein, the term "*Fairness Hearing*" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action as contained in this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Order and Judgment approving the Settlement contained in this Settlement Agreement should be entered.

**1.19** As used herein, the terms "*Final Order*" and "*Order Granting Final Approval of Class Settlement*" mean the Court order granting final approval of the Settlement of this Action

Settlement Agreement and Release

Page 3

following the Fairness Hearing.  The proposed Final Order that Plaintiff submits to the Court for its approval must be substantially similar to the form attached as **Exhibit G**.

**1.20** As used herein, the term "***Final Settlement Date***" means two Court days after the Final Order and Judgment become "final."  For the purposes of this section, "final" means after [i] sixty-one (61) calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration and/or no appeals or other efforts to obtain review have been filed; or [ii] in the event that an appeal or other effort to obtain review has been initiated, the date after any and all such appeals or other review(s) have been finally concluded in favor of the Final Order and Judgment, any mandates have been returned to the Court, and the Final Order and Judgment is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.  In this regard, it is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

**1.21** As used herein, the term "***Full Notice***" means the full legal notice of the proposed Settlement terms, as approved by Class Counsel, Lamps Plus's counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.  The Full Notice must be substantially similar to the form attached as **Exhibit B**.

**1.22** As used herein, the terms "***Judgment***" and "***Final Judgment***" mean a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54.  The proposed Judgment that Plaintiff will submit to the Court for entry must be substantially similar to the form attached as **Exhibit H**.

**1.23** As used herein, the term "***Mail Notice***" means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Lamps Plus's Counsel, and the Court, to be provided to Class members under Section 3.3 of this Settlement Agreement via U.S. Mail. The Mail Notice must be substantially similar to the form attached as **Exhibit D.**

**1.24** As used herein, the term "***Named Plaintiff***" means Harley Seegert in his individual capacity only.

**1.25** As used herein, the term "***Objection or Exclusion Response Deadline***" means the deadline by which Class Members must deliver objections or requests for exclusion.  The Objection or Exclusion Response Deadline shall be no later than ninety (90) days following the distribution of the Email Notice and Mail Notice.

**1.26** As used herein, the term "***Online Media Notice***" means a legal notice directing Class Members to the Settlement Website, as approved by Class Counsel, Lamps Plus's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via the Internet.  The Online Media Notice must be substantially similar to the form attached as **Exhibit E**.

**1.27** As used herein, the terms "***Plaintiff's Counsel***" and "***Class Counsel***" mean the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP.

Settlement Agreement and Release

**1.28** As used herein, the terms "***Preliminary Approval Order***" or "***Preliminary Approval and Provisional Class Certification Order***" mean the order provisionally certifying the Class for settlement purposes only, approving and directing notice, and setting the Fairness Hearing. The proposed Preliminary Approval Order that Plaintiff submits to the Court for its approval must be substantially similar to the form attached as **Exhibit A**.

**1.29** As used herein, the term "***Qualifying Purchase***" means a purchase of any Lamps Plus branded and/or trademarked product bearing a "Compare At" price tag at a Lamps Plus retail store located in California or purchased online by a consumer located within the State of California.

**1.30** As used herein, the term "***Released Parties***" means Lamps Plus, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, principals, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them.

**1.31** As used herein, the term "***Settlement***" means the Settlement of the Action and related claims effectuated by this Settlement Agreement.

**1.32** As used herein, the term "***Settlement Website***" means the website that shall be created for settlement administration purposes and administered by the Claims Administrator.

**1.33** As used herein, the term "***Unknown Claims***" means with respect to the Class Released Claims only, Plaintiff and the Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this agreement, Plaintiff and the Class Members state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiff and the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**1.34** As used herein, the term "***Voucher***" means a voucher good for a purchase in a Lamps Plus retail store in the United States for either (i) $18 off a purchase (no minimum purchase), or (ii) 20% off a purchase (of up to $150 in value) or $30 in credit against the purchase of any item valued at over $150. The Vouchers will have no expiration date. The Vouchers are good for a single use. The Vouchers are not stackable and may not be combined with any other coupon or

Settlement Agreement and Release

promotional offer.  However, the Vouchers may be used on items that are on sale or otherwise discounted.  The Vouchers shall not be redeemable for cash, and will not be replaced if lost, stolen, or damaged.  The Vouchers are transferrable.

2.  **SETTLEMENT TERMS.**

    **2.1  Award to the Class.**  To each Authorized Claimant, Lamps Plus shall issue:

        **(a)**    One (1) Voucher worth $18 that may be used for the purchase of any item in a Lamps Plus retail store; or

        **(b)**    One (1) coupon for 20% off the purchase of any item in a Lamps Plus store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150.

The Authorized Claimant will be able to elect which form of the Voucher he or she wishes to redeem at the time of purchase.

    **2.2**  If the Court approves the Settlement of this Action, Lamps Plus or the Claims Administrator, shall distribute the Vouchers to either the email address or mailing address Authorized Claimants designated on their Claim Form within fifteen (15) calendar days of the Final Settlement Date.  Class Members who receive direct notice (the Class Members for whom Lamps Plus has valid email or mailing addresses), need not do anything in response to the Notice and will automatically receive a Voucher within sixty (60) calendar days of the Final Settlement Date.  Lamps Plus will declare that it maintains valid email and/or mailing addresses for at least 930,835 potential Class Members.

    **2.3  Change in Practices.**  If the Court approves the Settlement of this Action, then the Parties agree that Lamps Plus will post notice in each of its California Lamps Plus retail stores that clarifies and further explains to customers the meaning of the "Compare At" terminology on its price tags.  Plaintiff's Counsel agrees that the additional notification to be provided by Lamps Plus under this Section will avoid confusion by future customers regarding Lamps Plus's "Compare At" price tags.

    **2.4  Individual Settlement Award to Named Plaintiff.**  The Parties acknowledge that Named Plaintiff must petition the Court for approval of any award to Named Plaintiff for an incentive award (the "Individual Settlement Award").  Named Plaintiff agrees that he will not seek an Individual Settlement Award of greater than $5,000.  Lamps Plus agrees not to object to Named Plaintiff's request for an Individual Settlement Award of up to a maximum payment of $5,000.  Named Plaintiff further agrees that, in any event, Lamps Plus will not be obligated to pay any Individual Settlement Award in excess of $5,000 for Named Plaintiff.  If the Court approves the Settlement of this Action and an Individual Settlement Award to Named Plaintiff, Lamps Plus agrees to pay the award approved by the Court up to $5,000 for Named Plaintiff within ten (10) calendar days after both of the following events occur (a) the Final Settlement Date, and (b) Named Plaintiff provides Lamps Plus with a completed and valid Form W-9.  No interest shall be paid on the Individual Settlement Award.

**2.5   Attorneys' Fees and Costs.**   The Parties acknowledge that Plaintiff must petition the Court for approval of any award to Class Counsel for attorneys' fees and costs.  Plaintiff and Class Counsel agree that Class Counsel will not seek an award greater than $750,000.00 (total) for fees and costs.  Lamps Plus agrees not to object to Class Counsel's request for up to a maximum payment of $750,000.00 (total) for attorneys' fees and costs.  Plaintiff and Class Counsel further agree that, in any event, Lamps Plus will not be obligated to pay any award to Class Counsel and any and all Additional Counsel (defined below) in excess of $750,000.00 (total) for attorneys' fees and costs.  If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Class Counsel, unless the Court orders a different timetable, Lamps Plus agrees to pay the attorneys' fees and costs approved by the Court up to $750,000.00 (total) to Class Counsel and any and all Additional Counsel upon the occurrence of both of the following events (a) the Final Settlement Date, and (b) Class Counsel's delivery to  Lamps Plus of  a complete and valid Form W-9.  Unless the Court orders a different timetable, any such payment shall be made within ten (10) calendar days of the occurrence of the later of these events and shall be made to the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP.  Carlson Lynch Sweet Kilpela & Carpenter, LLP shall have control over and responsibility to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Settlement or as a result of the Action (each, an "Additional Counsel").  No interest shall be paid on the attorneys' fees and costs award.

**2.6   Reduction in Plaintiff's Individual Settlement Award or Class Counsel's Attorneys' Fees.**   Plaintiff's Individual Settlement Award is to be paid separate and apart from the award to the Class.  A reduction by the Court or by an appellate court of the Individual Settlement Award sought by the Named Plaintiff shall not affect any of the Parties' other rights and obligations under the Settlement Agreement.

**2.7   No Tax Liability.**   Under no circumstances will Lamps Plus or Lamps Plus's Counsel have any liability for taxes or tax expenses under the Settlement.  Plaintiff and/or Class Counsel are responsible for any taxes on any recovery or award.  Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by Lamps Plus or Lamps Plus's Counsel.

**2.8   Settlement Implementation Costs.**   Lamps Plus shall bear the costs of providing notice to the Class in the manner prescribed in Section 3.3 of this Settlement Agreement and the costs associated with independent administration of benefits by the Claims Administrator.

**2.9   Release as to All Class Members.**   Upon entry of the Judgment, Class Releasors shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged all Class Released Claims (including Unknown Claims) against all Released Parties.

**2.10   Release by Named Plaintiff.**   In addition to the releases made by the Class Members set forth in Section 2.10 above, effective upon entry of the Judgment, Named Plaintiff will make the additional following general release of all claims, known or unknown.  Upon entry of the Judgment, the Named Plaintiff, and each of his successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements,

promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiff, and each of Named Plaintiff's successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiff fully understands that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Named Plaintiff and Plaintiff's Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that the Settlement Agreement will remain effective despite any difference in facts. Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**2.11 No Admission of Liability or Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims.  Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including Lamps Plus, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.  Lamps Plus has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action.  Lamps Plus has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

3. **CLASS SETTLEMENT PROCEDURES.**

**3.1 Preliminary Approval and Provisional Class Certification.**  Plaintiff shall file his motion for preliminary approval of the Settlement Agreement as soon as feasibly possible.  The motion for preliminary approval of the class action settlement and provisional class certification must request the Court to:

> **(a)**  preliminarily approve this Settlement Agreement.
>
> **(b)**  preliminarily approve the form, manner, and content of the Full Notice, Email Notice, Mail Notice, Online Media Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement, and attached as **Exhibits B - F**;

**(c)**     set the date and time of the Fairness Hearing;

**(d)**     provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only;

**(e)**     find that Lamps Plus has complied with 28 U.S.C. § 1715(b);

**(f)**     stay all proceedings in the Action against Lamps Plus until the Court renders a final decision on approval of the Settlement and sets a briefing schedule for the papers in support of the Final Order;

**(g)**     conditionally appoint Named Plaintiff as the class representative for settlement purposes only; and

**(h)**     conditionally appoint the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**.  Class Counsel must draft the motion papers and give Lamps Plus's Counsel drafts of the motion and proposed order to review before the motion's filing and service date/deadline.  Lamps Plus shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

    **3.2  Class Notice.**  Subject to the Court entering the Preliminary Approval Order, the Parties agree that Lamps Plus and its retained Claims Administrator will provide the Class notice within fifteen (15) calendar days after entry of the Preliminary Approval order:

**(a)**     **Settlement Website**.  The claims administrator will post the Full Notice on an Internet website ("Internet Posting") specifically created for the settlement of this Action.  The Full Notice will be substantially similar to the form attached as **Exhibit B**.  The Internet Posting will also contain the Claim Form, Complaint, Settlement Agreement, and Preliminary Approval Order.  Within seven (7) court days of when Class Counsel files a motion for attorneys' fees and costs, the Internet Posting will also post the fees and costs motion.  The Internet Posting shall be operative starting on or before fifteen (15) calendar days after entry of the Preliminary Approval Order.  The Internet Posting shall remain active at least until the Final Settlement Date.

**(b)**     **Email Notice.**  Lamps Plus shall use reasonable efforts to identify those Lamps Plus customers who may be Class Members and for whom it has a valid email address.  Through the Claims Administrator, for those Class Members for whom Lamps Plus has a valid email address, Lamps Plus will send an Email Notice to such Class Members.  The Email Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Settlement Website and an email and mailing address to

contact the Claims Administrator. Lamps Plus, through the Claims Administrator, will provide the Email Notice on or before fifteen (15) calendar days after entry of the Preliminary Approval Order.

(c)    **Mail Notice.**  Lamps Plus shall use reasonable efforts to identify those Lamps Plus customers who may be Class Members and for whom it has only a valid mailing address (and not an email address).  Through the Claims Administrator, for those Class Members for whom Lamps Plus has a valid mailing address only, Lamps Plus will send a Mail Notice via the U.S. Postal Service to such Class Members.  The Mail Notice will be substantially similar to the form attached as **Exhibit D,** and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.  Lamps Plus, through the Claims Administrator, will provide the Mail Notice on or before fifteen (15) calendar days after entry of the Preliminary Approval Order. Lamps Plus is not required to provide the Mail Notice to any potential Class Member to whom it is sending the Email Notice.

(d)    **Online Media Notice**.  Unless otherwise ordered by the Court, within fifteen (15) calendar days after entry of the Preliminary Approval Order, Lamps Plus, through the Claims Administrator, will start implementing an online media notice program through the Google Display Network or an equivalent program.  The text of the Online Media Notice will be substantially similar to the form attached as **Exhibit E**.

**3.3   CAFA Notice.**  Within ten (10) calendar days after this Settlement Agreement is filed with the Court, Lamps Plus shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

**3.4   Proof of Notice.**  No later than ten (10) calendar days before the Fairness Hearing, Lamps Plus and/or the Claims Administrator will serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 of this Settlement Agreement.

**3.5   Claims Procedure.**  Class Members who do not receive direct notice, (those Class Members for whom Lamps Plus does not already have a valid email or mailing address), must submit complete, valid and sufficient Claim Forms on or before the Claim Response Deadline in order to be included in the distribution of the Vouchers.  Class Members who do not receive direct notice shall also be required to provide proof of Qualifying Purchase(s) as described in Section 3.6(b) below. _**Class Members who receive direct notice are not required to submit a Claim Form in order to receive a Voucher**_.  If the Class Member who receives direct notice does not object to the Settlement or request to exclude himself or herself from the Settlement, the Class Member will receive via email or mail a Voucher within sixty (60) calendar days of the Final Settlement Date.  Any Class Member who did not receive direct notice and who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement.

(a)     **Date of Submission.**  The Claim Form may be submitted electronically or by postal mail.  The delivery date is deemed to be the date [i] the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or [ii] in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.

(b)     **Proof of Qualifying Purchase(s).**  Acceptable proof of Qualifying Purchases include either [i] receipt(s) clearly showing the date of purchase(s), or [ii] a declaration signed under penalty of perjury in which the Class Member identifies the month and year of purchase, the location of the store at which the purchase was made, and a description of the product purchased.  Copies of such documents must be attached to the Claim Form whether submitted electronically or by postal mail.

**3.6  Right to Verify.**  The Claims Administrator and/or Lamps Plus may review all submitted Claim Forms and proof of Qualifying Purchase(s) for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.  In addition, the Claims Administrator and/or Lamps Plus may verify that: [i] the information set forth in or attached to a submitted Claim Form is accurate; and [ii] the Claimant is a Class Member.

**3.7  Disputed Claims.**  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.  Lamps Plus's records shall have a strong presumption of accuracy, which may be rebutted by clear and convincing evidence.

**3.8  Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Claims Administrator no later than the Objection or Exclusion Response Deadline.

(a)     The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator.

(b)     Any written objections must contain: **(1)** the name and case number of the Action; **(2)** the Class Member's full name, address, and telephone number; **(3)** the words "Notice of Objection" or "Formal Objection"; **(4)** in clear and concise terms, the legal and factual arguments supporting the objection; **(5)** facts supporting the person's status as a Class Member (e.g., the date and location of his/her relevant purchases and description of item(s) purchased); **(6)** the Class Member's signature and the date; and **(7)** the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States

of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

**(c)**    Any Class Member who submits a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If an objecting Class Member intends to speak at the Fairness Hearing in support of the objection, the Class Member's objection must state this intention. If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

**3.9  Exclusion from the Class.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members must send a signed letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Objection or Exclusion Response Deadline. Lamps Plus must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiff's motion in support of the Final Order and Judgment.

**3.10 Final Order and Judgment.**  Before the Fairness Hearing, Plaintiff must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the forms attached as **Exhibits G** and **H,** respectively. Subject to the Court's approval, the Final Order and Judgment shall, among other things:

**(a)**    finally approve the Settlement Agreement as fair, reasonable and adequate;

**(b)**    finally certify the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3);

(c)     find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

(d)     issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Vouchers, payment of Plaintiff's Individual Settlement Award, and payment of Class Counsel's fees and costs;

(e)     incorporate the releases set forth in the Settlement Agreement;

(f)     dismiss the Action with prejudice; and

(a)     retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Final Order and Judgment, and for any other necessary purpose.

Class Counsel must also draft the motion papers and give Lamps Plus's Counsel drafts of the motion and proposed order to review before the motion's filing and service date/deadline.  Lamps Plus shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

**3.11 Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter Judgment, the Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

## 4.   Nullification of Settlement Agreement.

**4.1   Lamps Plus's Right to Revoke.**  Lamps Plus has the right in its sole and exclusive discretion to terminate and withdraw from the Settlement at any time prior to the Fairness Hearing if: (a) the Court makes an order inconsistent with any of the terms of this Settlement (except for an order reducing the Class Counsel award or the Plaintiff's Individual Settlement Award); or (b) any court following the signing of this Settlement Agreement but before the Fairness Hearing, certifies, whether on a conditional basis or not, a class, collective, or representative action involving a claim described in the Action by potential class members covered by this Settlement; or (c) more than one hundred (100) Class Members timely and validly opt out of the Settlement; or (d) Plaintiff breaches the Settlement Agreement.

**4.2   Effect of Agreement if Settlement Is Not Approved.**  This Settlement Agreement was entered into only for the purpose of Settlement.  In the event that Section 4.1 is invoked by Lamps Plus, the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed.  In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including,

Settlement Agreement and Release

Page 13

but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative, and conditional appointment of Plaintiff's Counsel as Class Counsel; (b) the Action will revert to the status that existed before the Plaintiff filed his motion for approval of the Preliminary Approval Order (allowing Lamps Plus to, among other things, move to dismiss the Complaint and/or move to strike allegations contained therein); and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Lamps Plus shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

## 5.   ADDITIONAL PROVISIONS.

**5.1   Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**5.2   Fair, Adequate, and Reasonable Settlement.**  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations, including a mediation session conducted with the assistance of  Hon. Carl J. West (Ret.).

**5.3   Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither the claims or causes of action released herein nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.4   Voluntary Agreement.**  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**5.5   Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**5.6   Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**5.7   Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of

action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8  Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.9  Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.10  Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11  Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12  Modifications and Amendments.**  No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**5.13  Governing Law.**  This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**5.14  Further Assurances.**  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.15  Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.16  Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.17 Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.18 Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**5.19 Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.20 Inadmissibility.**   This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**5.21 No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.22 Disposal of the Class List**.  Within six (6) months after the Final Settlement Date and completion of the administration, or in the event the Settlement is terminated pursuant to Section 4, after providing Lamps Plus's Counsel at least ten (10) calendar days advance notice of its invocation of this section, all originals, copies, documents, transcriptions, iterations, or drafts of the contact information for Class Members or any portion thereof shall be returned to Lamps Plus by the Claims Administrator.

**5.23 Notices.**  Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Lamps Plus to the attention of Lamps Plus's Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

| CLASS COUNSEL | LAMPS PLUS'S COUNSEL |
|---|---|
| Todd D. Carpenter, Esq.<br>CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP<br>1350 Columbia Street<br>Suite 603<br>San Diego, California 92101 | John C. Dineen, Esq.<br>SHEPPARD MULLIN RICHTER & HAMPTON, LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101 |

**Settlement Agreement and Release**

SMRH:486368943.3

Page 16

16 of 18

**5.24 List of Exhibits:**  The following exhibits are attached to this Settlement Agreement:

Exhibit A:    [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:    Full Notice

Exhibit C:    Email Notice

Exhibit D:    Mail Notice

Exhibit E:    Online Media Notice

Exhibit F:    Claim Form

Exhibit G:    [Proposed] Order Granting Final Approval of Class Settlement

Exhibit H:    [Proposed] Final Judgment

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: 23 Aug 18
_____
HARLEY SEEGERT

Dated: _____       LAMPS PLUS, INC.

_____
By: _____
Its: _____

**5.24 List of Exhibits:** The following exhibits are attached to this Settlement Agreement:

Exhibit A:    [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:    Full Notice

Exhibit C:    Email Notice

Exhibit D:    Mail Notice

Exhibit E:    Online Media Notice

Exhibit F:    Claim Form

Exhibit G:    [Proposed] Order Granting Final Approval of Class Settlement

Exhibit H:    [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: _____        _____
                                HARLEY SEEGERT

Dated: August 24, 2018          LAMPS PLUS, INC.

                                _____
                                By:  Clark Linstone
                                Its: Chief Financial Officer

EXHIBIT 1, page 92

**EXHIBIT A**
**[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HARLEY SEEGERT, an individual on behalf of himself and all others similarly situated,

              Plaintiff,

    v.

LAMPS PLUS, INC.,

              Defendant.

Case No. 17CV1602-BAS-JMA

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

On _____ (month) ___ (day), 2018, this Court heard Plaintiff Harley Seegert's motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court finds good cause to grant the motion.[1]

**FINDINGS:**

    **1.** The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations with defendant Lamps Plus, Inc. and falls

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2.     The Full Notice, Email Notice, Mail Notice, Online Media Notice, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3.     For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4.     For settlement purposes only, Plaintiff's claims are typical of the Class's claims.

5.     For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6.     For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     Lamps Plus filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

SMRH:486368943.3

-2-

**IT IS ORDERED THAT:**

    **1.**    **Settlement Approval**.  The Settlement Agreement, including the Full Notice, Email Notice, Mail Notice, Online Media Notice and Claim Form, attached to the Settlement Agreement as Exhibits B-F are preliminarily approved.

    **2.**    **Provision of Class Notice**.  Lamps Plus will notify Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement.

    **3.**    **Claim for a Voucher or Vouchers**.  Class Members who do not receive direct notice via email or mail and who want to receive a Voucher under the Settlement Agreement, must accurately complete and deliver a Claim Form to the Claims Administrator, along with any required supporting proofs of purchase, no later than one-hundred twenty (120) days after Defendant, through the Claims Administrator issues Notice to the Class.  Class Members for whom Lamps Plus has a valid email or mailing address need not do anything to receive a Voucher.

    **4.**    **Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to Paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to the Claims Administrator no later than [December ___, 2018].  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: **(1)** the name and case number of the Action; **(2)** the Class Member's full name, address, and telephone number; **(3)** the words "Notice of Objection" or "Formal Objection"; **(4)** in clear and concise terms, the legal and factual arguments supporting the objection; **(5)** facts supporting the person's status as a Class Member (e.g., the date and location of his/her relevant purchases and description of the item(s) purchased); **(6)** the Class Member's signature and the date; and **(7)** the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and

correct to the best of my knowledge." Any Class Member who submits a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections containing Notices of Intention to Appear may speak at the Fairness Hearing.

**5.    Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6.    Requesting Exclusion.** Class Members who want to be excluded from the Settlement must send a signed letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that the

person does not wish to participate in the Settlement, postmarked no later than August 24, 2018.

**7.    Provisional Certification**.  The Class is provisionally certified as all Lamps Plus customers who purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California from July 5, 2013 to the date of preliminary approval. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

**8.    Conditional Appointment of Class Representative and Class Counsel**.  Plaintiff Harley Seegert is conditionally certified as the Class Representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP is conditionally appointed as Class Counsel.  Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

**9.    Termination**.  If the Settlement Agreement terminates for any reason, the following will occur:  (a) Class Certification will be automatically vacated; (b) Plaintiff will stop functioning as Class Representative; (c) Class Counsel will stop functioning as Class Counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.  This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.    No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.    Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

SMRH:486368943.3                                                      -5-

**12.    CAFA Notice.**  The Court finds that Lamps Plus has complied with 28 U.S.C. § 1715(b).

**13.    Further Procedures.**  Counsel for the Parties are hereby authorized to agree to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

**14.    Fairness Hearing**.  On _____ (month) ____ (day), 2018, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing |
|---|---|
| Last day for Defendant, through KCC, to send Email Notice, Mail Notice, start operating Settlement Website, and begin to provide Online Media Notice | October __, 2018 |
| Last day for Plaintiff to file fee petition | December 1, 2018 |
| Last day for Class Members to request exclusion or object to the Settlement | December __, 2018 |
| Last day for Parties to file briefs in support of the Final Order and Judgment | January 1, 2019 or later |
| First day Final Fairness Hearing can be set | No earlier than 91 calendar days after entry of this Order |
| Last day for Class Members to file a Claim to the Settlement | January 21, 2019 |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting Lamps Plus will not be required to provide any additional notice to Class Members.

1   DATED:_____        _____

2                                   HON. CYNTHIA BASHANT
3                                   U.S. DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**
**FULL NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARLEY SEEGERT, AN INDIVIDUAL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br>                              v.<br>**LAMPS PLUS, INC.** | No. 17CV1602-BAS-JMA |

# IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Southern District of California ("Action"). If the Court gives final approval to the Settlement, Lamps Plus, Inc. ("Lamps Plus") will provide, for each Class Member who either (i) receives direct notice via email or mail or (ii) properly and timely completes and submits a Claim Form, one Voucher good for a purchase in a Lamps Plus retail store in the United States for either (i) $18 off a purchase (no minimum purchase) or (ii) 20% off a purchase (up to $150 in value), or $30 in credit against the purchase of any item valued at over $150, subject to the additional conditions explained later in this notice.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Unless you received direct notice of this Settlement via email or mail, you must submit a Claim Form to receive a Voucher. Visit the Settlement website located at _____ to obtain a Claim Form. | Deadline: _____ |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Voucher under the Settlement. Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against Lamps Plus regarding the allegations in the Action ever again. | Deadline: _____ |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Submitting an objection does not exclude you from the Settlement. | Deadline: _____ |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you filed to the Settlement.  If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" indicating your intent to do so. | Hearing Date and Time: _____ |
| **DO NOTHING** | If you received direct notice of this Settlement via email or mail, and you do not object to or request to exclude yourself from the Settlement, you will automatically receive a Voucher via email or U.S. mail within sixty (60) days of the Final Settlement Date. | N/A |

• These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

• The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION**.................................................................. **##**

    1. Why did I get this notice?

    2. What is this lawsuit about?

    3. Why is this a class action?

    4. Why is there a Settlement?

    5. How do I know if I am part of the Settlement?

6.      I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ............................................................ **##**

7.      What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT VOUCHER – SUBMITTING A CLAIM FORM** .................................................................................................... **##**

8.      How can I get a Voucher?

9      When will I get my Voucher?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF** .. **##**

10.    Do I have a lawyer in this case?

11.    How will the lawyers be paid?

12.    Will the Representative Plaintiff receive any compensation for his efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ................................ **##**

13.    What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ............................ **##**

14.    How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ............................................................ **##**

15.    How do I tell the Court that I disagree with the Settlement?

16.    What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING** ............................................................................................ **##**

17.    What is the Fairness Hearing?

18.    When and where is the Fairness Hearing?

19.    May I speak at the hearing?

**ADDITIONAL INFORMATION** ............................................................................ **##**

20.    How do I get more information?

21.    What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.     *Why did I get this notice?*

You received this Notice because a Settlement has been reached in this Action. According to Lamps Plus's available records you might be a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.     *What is this lawsuit about?*

Plaintiff Harley Seegert (the "Representative Plaintiff") filed a lawsuit against Lamps Plus on behalf of himself and all others similarly situated. The lawsuit alleges that Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise.

Lamps Plus denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability. Lamps Plus further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiff's claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.     *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Harley Seegert) sue on behalf of other people who allegedly have similar claims. For purposes of this proposed Settlement, one court will resolve the issues for all Class Members. The company sued in this case, Lamps Plus, is called the Defendant.

### 4.     *Why is there a Settlement?*

The Representative Plaintiff has made claims against Lamps Plus. Lamps Plus denies that it has done anything wrong or illegal and admits no liability. The Court has **not** decided that the Representative Plaintiff or Lamps Plus should win this Action.

Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

| **5.** | ***How do I know if I am part of the Settlement?*** |
|---|---|

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:  All Lamps Plus customers who purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California from July 5, 2013 to the date of preliminary approval. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

| **6.** | ***I'm still not sure if I am included.*** |
|---|---|

If you are still not sure whether you are included, you can write the Claims Administrator for free help.  The email address of the Claims Administrator is _____ and the U.S. postal (mailing) address is _____.

## THE PROPOSED SETTLEMENT

| **7.** | ***What relief does the Settlement provide to the Class Members?*** |
|---|---|

Lamps Plus has agreed to provide (i) Class Members who received direct notice of this Settlement via email or mail and who do not timely request exclusion from or object to the Settlement and (ii) Class Members who timely and validly complete a claim form, a Voucher good for purchase in a Lamps Plus retail store in the United States.  The Voucher can either be redeemed for (i) $18 to be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150.  Class Members may elect the form of the Voucher they wish to receive at the time of purchase.

Vouchers will not be stackable with each other and may not be combined with any other coupon or offer and they are valid for a single use.  The Vouchers may be used on items that are on sale.  The Vouchers shall not be redeemable for cash, and will not be replaced if lost, stolen or damaged.  The Vouchers will be transferable and have no expiration date.

## HOW TO REQUEST A VOUCHER – SUBMITTING A CLAIM FORM

| **8.** | ***How can I get a Voucher or Vouchers?*** |
|---|---|

If you received direct notice of the Settlement by email or mail notice, you need not do anything to receive a Voucher.

To qualify for a Voucher if you did not receive direct notice by email or mail, you must send in a Claim Form, and, provide proof of Qualifying Purchase. Acceptable proof of purchase can be provided by either (i) submitting a Lamps Plus receipt, or (ii) signing under penalty of perjury and identifying the month and year of purchase, the location of the store where the purchase was made, and a description of the product.

A Claim Form is available by clicking HERE or on the Internet at the website _____. The Claim Form may be submitted electronically or by postal mail. Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online on or before 11:59 p.m. (Pacific) on _____.

| 9. | *When will I get my Voucher or Vouchers?* |
|---|---|

As described in Sections 17 and 18, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the case on the website dedicated to the Settlement at _____. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS

| 10. | *Do I have a lawyer in this case?* |
|---|---|

The Court has ordered that the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP ("Class Counsel") will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 11. | *How will the lawyers be paid?* |
|---|---|

Lamps Plus has agreed to pay Class Counsel's attorneys' fees and costs up to $750,000, subject to approval by the Court. You will not be required to pay any attorneys' fees or costs. Please see paragraphs 2.4 and 2.5 of the Settlement Agreement, available HERE, for additional details.

| 12. | *Will the Representative Plaintiff receive any compensation for his efforts in bringing this Action?* |
|---|---|

The Representative Plaintiff will request a service award of up to $5,000 for his service as class representative and his effort in bringing the Action. The Court will make the final decision as to the amount to be paid to the class representative.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.     *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Lamps Plus.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against Lamps Plus regarding the claims in the Action. The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.     *How do I exclude myself from the Settlement?*

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a signed letter or postcard stating: **(a)** the name and case number of the Action; **(b)** your full name, address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Seegert v. Lamps Plus, Inc. Settlement*
c/o _____
_____
_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not receive a Voucher under the Settlement, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against Lamps Plus based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.     *How do I tell the Court that I disagree with the Settlement?*

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and service award to the Representative Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must submit a written objection to the Claims Administrator at the addresses set forth below no later than (*i.e.*, postmarked by) _____.

*Seegert v. Lamps Plus, Inc. Settlement*

c/o _____
_____
_____

Any written objections must contain: (1) the name and case number of the Action; (2) the Class Member's full name, address, and telephone number; (3) the words "Notice of Objection" or "Formal Objection"; (4) in clear and concise terms, the legal and factual arguments supporting the objection; (5) facts supporting the person's status as a Class Member (e.g., the date and location of his/her relevant purchases and description of the item(s) purchased); (6) the Class Member's signature and the date; and (7) the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." You may, but need not, submit your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. You are not required, however, to appear. If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear".

If you intend to appear at the Fairness Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

| 16. | *What is the difference between excluding myself and objecting to the Settlement?* |

Objecting is simply telling the Court that you disagree with something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17.  *What is the Fairness Hearing?*

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiff.  You may attend, but you do not have to.

### 18.  *When and where is the Fairness Hearing?*

On _____, 2018 at _____ pacific, a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable Cynthia Bashant in Courtroom 4B of the U.S. District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101.  The hearing may be postponed to a different date or time or location without notice.  Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19.  *May I speak at the hearing?*

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.  As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, you may not speak at the hearing.

## ADDITIONAL INFORMATION

### 20.  *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: _____. Alternatively, you may contact the Claims Administrator at the email address _____ or the U.S. postal (mailing) address: _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 333 West Broadway, San Diego, CA 92101. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

| **21.** **What if my address or other information has changed or changes after I submit a Claim Form?** |
|---|

It is your responsibility to inform the Claims Administrator of your updated information. You may do so at the address below:

*Seegert v. Lamps Plus, Inc. Settlement*

_____

_____

_____

****

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____2018          By: Order of the Southern District of California
                                HONORABLE CYNTHIA BASHANT
                                UNITED STATES DISTRICT JUDGE

**EXHIBIT C**
**EMAIL NOTICE**

To: _____
From: _____
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

# IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Seegert v. Lamps Plus, Inc.* ("Action"). According to available records, you might be a "Class Member." The purpose of this Email Notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** The Action was filed against Lamps Plus, Inc. ("Lamps Plus" or "Defendant") by plaintiff Harley Seegert alleging Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise. Lamps Plus denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial. ___*No court has decided which side is right. But both sides agreed to provide benefits to Lamps Plus customers and resolve the case.*___

**Am I a Class Member?** You are a "Class Member" if between July 5, 2013 and [Month] [Day], [Year], you purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California and you are not Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, or the judge presiding over the Action.

**What relief does the Settlement provide?** If you are a Class Member, you are eligible to receive a Voucher for a purchase in a Lamps Plus retail store. The Voucher can either be redeemed for (i) $18 to be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150. Class Members may elect the form of the Voucher they wish to receive at the time of purchase. ___*To receive a Voucher, you need not do anything in response to this email notice.*___ If this Settlement is approved by the Court, you will automatically receive a Voucher via email at the termination of the Settlement proceedings.

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Lamps Plus about the legal claims in the Action ever again. If you exclude yourself, you cannot receive a Voucher from this Settlement. If you stay in the Settlement, you may object to it by _____. The detailed notice available at _____ explains how to request exclusion or object. The Court will hold a hearing on _____ at _____ to

consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Carlson Lynch Sweet Kilpela & Carpenter, LLP) for $750,000 in attorneys' fees and costs, and for the class representative's (Harley Seegert) request for $5,000 for his service. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____.

**EXHIBIT D**
**Mail Notice**

# NOTICE OF CLASS ACTION SETTLEMENT

U.S. District Court for the Southern District of California
*Harley Seegert v. Lamps Plus, Inc.*
Case No: 3:17-CV-1602-BAS-JMA

IF YOU SHOPPED AT LAMPS PLUS IN CALIFORNIA BETWEEN JULY 5, 2013 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE AN **$18 VOUCHER** USABLE AT LAMPS PLUS ON FUTURE PURCHASES

**Legal Notice**: A federal court authorized this Notice. This is not solicitation from a lawyer.

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Seegert v. Lamps Plus, Inc.* ("Action"). According to available records, you might be a "Class Member." The purpose of this Mail Notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** The Action was filed against Lamps Plus, Inc. ("Lamps Plus" or "Defendant") by plaintiff Harley Seegert alleging Lamps Plus engaged in deceptive advertising by advertising purportedly improper discounts on merchandise. Lamps Plus denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial. ***No court has decided which side is right. But both sides agreed to provide benefits to Lamps Plus customers and resolve the case.***

**Am I a Class Member?** You are a "Class Member" if between July 5, 2013 and [Month] [Day], [Year], you purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California and you are not Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, or the judge presiding over the Action.

**What relief does the Settlement provide?** If you are a Class Member, you are eligible to receive a Voucher good for purchase in a Lamps Plus retail store for either (i) $18 that may be used for the purchase of any item in a Lamps Plus retail store or (ii) 20% off the purchase of any item in a Lamps Plus retail store up to $150 in value, or for $30 in credit against the purchase of any item valued at over $150. ***To receive a Voucher, you need not do anything in response to this mail notice.*** If the Court approves the Settlement, then you will automatically receive a Voucher via mail at the termination of the Settlement proceedings.

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by_____, or you won't be able to sue Lamps Plus about the legal claims in the Action ever again. If you exclude yourself, you cannot receive a

Voucher from this Settlement.  If you stay in the Settlement, you may object to it by _____.  The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Carlson Lynch Sweet Kilpela & Carpenter, LLP) for $750,000 in attorneys' fees and costs, and for the class representative's (Harley Seegert) request for $5,000 for his service.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____.

**EXHIBIT E**
**ONLINE MEDIA NOTICE**

# *Lamps Plus*
## Banner Advertisement

**Online Display Banner for *Google Display Network* –**

**Text Only Display Ad**
Frame 1: Visible for 8 seconds.

If you shopped at Lamps Plus in California between
July 5, 2013 and Month Day, Year

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

Frame 2: Visible for 7 seconds.

you may be eligible to receive an $18 voucher
usable at Lamps Plus on future purchases.

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

Frame 3: Visible for 4 seconds.

Click here for more information.

Legal Notice    www.XXXXXXXXXXXXX.com    Legal Notice

**Desktop Right Column Banner for *Facebook* –**

**Text Only Static Ad**

Lamps Plus

**Class Action Settlement**
www.WebsiteURL.com
Lamps Plus shoppers in California between
7/5/13 and XX/XX/XXX, may receive a voucher.

EXHIBIT 1, page 119

**EXHIBIT F**
**CLAIM FORM**

# SEEGERT V. LAMPS PLUS, INC. CLAIM FORM

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN _____.**

**PERSONAL INFORMATION.** Please legibly print or type the following information requested below. *This information will be used to deliver your Voucher and communicate with you if any problems arise with your claim.*

Name (first, middle, and last): _____

Residential Street Address: _____

City, State, and ZIP code: _____

Email Address: _____

Telephone Number: (_____)_____

**CONFIRMATION OF CLASS MEMBERSHIP.** I declare that I believe that, during the period of time between July 5, 2013 and [Date], I purchased from a California Lamps Plus retail store Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag.

Please provide information about the purchases that you are claiming above:

| Approximate Month and Year of Purchase | Approximate Location (City and State) of Purchase | Description of Item Purchased |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

In the alternative to providing the information above, you may upload your Lamps Plus receipt(s) reflecting such purchase(s). If you would like to mail your receipt(s) to the Claims Administrator so as to support your claim, please send them to _____.

*The Claims Administrator and/or Lamps Plus may verify your claim.*

**EMAIL ADDRESS FOR VOUCHER DELIVERY.** Please confirm the email address to which you would like the Settlement Voucher delivered.

[Note to the Claims Administrator: insert the email address that was provided earlier in the form, for reference, in the blank space below.]

Would you like your Voucher delivered to _____? ☐ Yes        ☐ No

If "no," please provide the email address to which you would like the Settlement Voucher delivered: _____.

**MAILING ADDRESS FOR VOUCHER DELIVERY.** Please confirm that the mailing address to which you would like the Settlement Voucher delivered.

[Note to the Claims Administrator: insert the mailing address that was provided earlier in the form, for reference in the blank space below.]

Would you like your Voucher delivered to _____? ☐ Yes   ☐ No

If "no," please provide the mailing address to which you would like the Settlement Voucher delivered: _____.

**ACKNOWLEDGEMENT.** I have received notice of the class action Settlement in this case and I am a member of the class of persons described in the notice. I agree to release all the claims, known and unknown, stated in Section 2.10 of the Settlement Agreement. I submit to the jurisdiction of the United States District Court, District of the Southern District of California with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement. I am aware that I can obtain a copy of the full notice and Settlement Agreement at _____ or by writing the Claims Administrator at the email address _____ or the postal address _____. I agree to furnish additional information to support this claim if required to do so.

IF SUBMITTED ELECTRONICALLY:
☐ **I agree that by submitting this Claim Form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:
**I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct to the best of my knowledge.**

Dated:_____        Signature: _____

**EXHIBIT G**

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA

10
11  HARLEY SEEGERT, an individual, on          Case No.  17CV1602-BAS-JMA
    behalf of himself and all others
12  similarly situated,                        **[PROPOSED] ORDER GRANTING
                                               FINAL APPROVAL OF CLASS
13                      Plaintiff,             SETTLEMENT**

14          v.

15  LAMPS PLUS, INC.,

16                      Defendant.

17          On _____ (month) ____ (day), this Court heard plaintiff Harley

18  Seegert's motion for final approval of the class action settlement.  This Court

19  reviewed: (a) the motion and the supporting papers, including, the Settlement

20  Agreement and Release ("Settlement Agreement");[1] (b) any objections filed with or

21  presented to the Court; (c) the Parties' responses to any objections; and (d) counsels'

22  respective arguments.  Based on this review and the findings below, the Court found

23  good cause to grant the motion.

24  **FINDINGS:**

25          1.      Upon review of the record, the Court hereby finds that the Settlement

26  Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves

27
    _____
28  [1] Capitalized terms in this Order, unless otherwise defined, have the same definitions
    as those terms in the Settlement Agreement.

it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).    Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Lamps Plus, Inc. ("Lamps Plus") in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the relief provided to the Class; (e) the recommendation of the Settlement Agreement by counsel for the Parties; and (f) the low number of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

2.    The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Lamps Plus's Counsel resulting in the Settlement Agreement.    Parts of these negotiations were presided over by the experienced mediator Hon. Carl J. West (Ret.).

3.    The Settlement Agreement provides substantial value to the Class in the form of Vouchers.

4.    Defendant Lamps Plus provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.    The notices: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.    The Parties adequately performed their obligations under the Settlement Agreement.

SMRH:486368943.3

-2-

6.    For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

7.    An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

8.    An incentive award to plaintiff Harley Seegert in the amount of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

1.    **Class Members**.  The Class Members are defined as:

All Lamps Plus customers who purchased Lamps Plus branded or trademarked merchandise bearing a "Compare At" price tag in the State of California from July 5, 2013 to the date of preliminary approval. Excluded from the Class are Lamps Plus's Counsel, Lamps Plus's officers, directors and employees, and the judge presiding over the Action.

2.    **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under Paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. This order does not bind persons who submitted timely and valid Requests for

Exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3.    **Release**.  Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Lamps Plus from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.10 and 2.11 of the Settlement Agreement and are specifically incorporated herein by this reference.

4.    **Class Relief**.  Lamps Plus will issue a Voucher to (i) each Class Member who receives direct notice via email or mail and who did not timely request to exclude from or object to the Settlement; and (ii) each Class Member who submits a valid and timely Claim Form according to the terms and timeline stated in the Settlement Agreement.

5.    **Attorneys' Fees and Costs**.  Class Counsel is awarded $_____ in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.5 of the Settlement Agreement.

6.    **Incentive Award**.  Plaintiff Harley Seegert is awarded $_____ as an individual settlement award.  Payment shall be made pursuant to the timeline stated in Section 2.4 of the Settlement Agreement.

7.    **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

IT IS SO ORDERED.

DATED:_____                _____
                                                                HON. CYNTHIA BASHANT
                                                                UNITED STATES DISTRICT JUDGE

**EXHIBIT H**
**[PROPOSED] FINAL JUDGMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HARLEY SEEGERT, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LAMPS PLUS, INC.,

Defendant.

Case No.  17CV1602-BAS-JMA

**[PROPOSED] FINAL JUDGMENT**

The Court hereby issues its Final Judgment disposing of all claims based upon the Settlement Agreement entered between Harley Seegert ("Plaintiff") and Lamps Plus, Inc. ("Lamps Plus" or "Defendant") and the Court's Order Granting Final Approval of Class Settlement.

**IT IS ORDERED AND ADJUDGED THAT**:

1.      In the Order Granting Final Approval of Class Settlement, the Court granted final certification, for purposes of settlement only, of a class defined as: All Lamps Plus customers who purchased Lamps Plus branded or trademarked

1    merchandise bearing a "Compare At" price tag in the State of California from July 5,

2    2013 to [the date of preliminary approval]. Excluded from the Class are Lamps Plus's

3    Counsel, Lamps Plus's officers, directors and employees, and the judge presiding

4    over the Action.

5        2.    All persons who satisfy the class definition above are "Class Members."

6    However, persons who timely submitted valid requests for exclusion are not Class

7    Members.  The list of excluded persons is attached hereto as Exhibit 1.

8        3.    In the Order Granting Final Approval of Class Settlement, the Court

9    found that notice of the Settlement Agreement and Release ("Settlement

10    Agreement") was provided to Class Members by either email or mail for Class

11    Members whom Lamps Plus had a valid email or mail address, and an online

12    advertisement in compliance with Section 3.3 of the Settlement Agreement, Federal

13    Rule of Civil Procedure 23, and due process.

14        4.    Plaintiff Harley Seegert is awarded $_____  as an

15    individual settlement award.

16        5.    Class Counsel (Carlson Lynch Sweet Kilpela & Carpenter, LLP) is

17    awarded $_____ in attorneys' fees and costs.

18        6.    To each Class Member who either (i) received direct notice via email or

19    mail and did not timely request exclusion from or objected to the Settlement, or (ii)

20    submitted a timely and valid Claim Form (an "Authorized Claimant"), Lamps Plus

21    shall issue a Voucher, pursuant to Section 2.2 of the Settlement Agreement, which

22    are incorporated herein.

23        7.    All Class Members who did not validly and timely request to be

24    excluded from the Settlement, and each of their respective successors, assigns,

25    legatees, heirs, and personal representatives, have waived and forfeited, and are

26    deemed to have fully, finally and forever released and discharged all manner of

27    action, causes of action, claims, demands, rights, suits, obligations, debts, contracts,

28    agreements, promises, liabilities, damages, charges, penalties, losses, costs,

SMRH:486368943.3                                    -2-

1  expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law

2  or equity, fixed or contingent, which they have or may have, arising out of or relating

3  to any of the acts, omissions or other conduct that have or could have been alleged

4  or otherwise referred to in the Complaint, or any preceding version thereof filed in

5  the Action, including, but not limited to, any and all claims related in any way to the

6  advertisement of prices by Lamps Plus, Inc. or any of its subsidiaries or affiliates

7  (including Unknown Claims) (collectively "Class Released Claims") against Lamps

8  Plus, Inc. and each of its direct or indirect parents, wholly or majority-owned

9  subsidiaries, affiliated and related entities, predecessors, successors and assigns,

10  partners, privities, and any of their present and former directors, officers, employees,

11  shareholders, agents, representatives, attorneys, accountants, insurers, and all persons

12  acting by, through, under or in concert with it, or any of them (collectively "Released

13  Parties").

14      As used in this release, the term "Unknown Claims" means with respect to the

15  Class Released Claims only, Plaintiff and the Class Members expressly waive and

16  relinquish, to the fullest extent permitted by law, the provisions, rights and benefits

17  of Section 1542 of the California Civil Code, or any other similar provision under

18  federal or state law, which provides:

19  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
20  **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO**
21  **EXIST IN HIS OR HER FAVOR AT THE TIME OF**
     **EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR**
22  **HER MUST HAVE MATERIALLY AFFECTED HIS OR HER**
23  **SETTLEMENT WITH THE DEBTOR.**

24      As part of this agreement, Plaintiff and the Class Members state that they fully

25  understand that the facts on which the Settlement Agreement is to be executed may

26  be different from the facts now believed by Plaintiffs and the Class Members and the

27  Class Counsel to be true and expressly accept and assume the risk of this possible

28

SMRH:486368943.3     -3-

difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

8.    In addition to the releases made by the Class Members set forth above, Harley Seegert makes the additional following general release of all claims, known or unknown.  Harley Seegert and his successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Harley Seegert and his successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Harley Seegert fully understands that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Harley Seegert and his Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Harley Seegert agrees that this

waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

9.    All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

IT IS SO ORDERED.

DATED:_____    _____
                            HON. CYNTHIA BASHANT
                            UNITED STATES DISTRICT JUDGE

Page 1 of 1



---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en/PrintIFrame.html    9/4/2018